## UNITED STATES v. CROLICH et al.
### Cr. 12460.

United States District Court
S. D. Alabama, S. D.

Jan. 4, 1952.

Ben Brooks, Special Asst. to the Atty. Gen., for plaintiff.

No attorneys for defendants.

THOMAS, District Judge.

On December 14, 1950, the grand jury returned an indictment against Peter Vincent Crolich Sr. and twenty-two other defendants, charging them with conspiracy, 18 U.S.C. § 241, to injure and oppress the legal and qualified voters of the First Congressional District of Alabama in the free exercise and enjoyment of the right of suffrage; that is, the right to cast a ballot for the offices of United States Senator and for United States Representative for the First Congressional District of Alabama, and to have such votes honestly counted as cast.

The evidence disclosed corrupt practices in the election of May 2, 1950. These corrupt practices consisted in many individuals impersonating qualified electors appearing on the rolls and voting in their names; and also in election officials knowingly permitting this to be done. The indictment named many co-conspirators who were not indicted. Of the twenty-three defendants indicted, the cases against two were nol-prossed at the request of the Government; two entered pleas of guilty; and nineteen entered pleas of nolo contendere.

On October 12, 1951, the day set for the sentencing of these defendants, the Government, through a Special Assistant to the Attorney General, made a motion in open court requesting that the *testimony* before the grand jury as to illegal activities and corruption on the part of election officials be made known to the board for Mobile County charged with the duty of appointing election officials. Said motion was taken under advisement on that date, and is this day overruled for the reasons herein stated.

Rule 6(e) of the Federal Rules of Criminal Procedure, 18 U.S.C., reads in part as follows: "Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for ·use in the performance of their duties. Otherwise a juror, attorney, interpreter or stenographer may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. * * *"

The law as it now stands may be stated thus: The rule of secrecy of such proceedings may be relaxed by permitting disclosure in accordance with Rule 6(e), supra, whenever the interest of justice requires. In re Grand Jury Proceedings,

D.C., 4 F.Supp. 283; U.S. v. Byoir, 5 Cir., 147 F.2d 336.

In the case of United States v. Papaioanu, D.C., 10 F.R.D. 517, 518, Chief Judge Leahy, of the District of Delaware, gives perhaps the most perfect digest of all the court opinions. Judge Leahy stated: "The first obstacle defendant must surmount is that the secrecy of proceedings of a Grand Jury is fundamental to our criminal procedure.[1] Defendant's plan admittedly is to obtain all the evidence adduced before the Grand Jury, then to move—as it already has—to quash the indictment. Judge Learned Hand as early as 1909 in referring to an application for such inspection stated, 'There is no precedent, so far as I can find, for such control of the grand jury, and I am the last who would initiate it.'[2] On another occasion Judge Hand said in a similar matter: 'It (granting of the inspection) is said to lie in discretion, and perhaps it does, but no judge of this court has granted it, and I hope none ever will.'[3] This adherence to the orthodox view that all proceedings before the Grand Jury should remain secret unless extraordinary circumstances are present and may be shown is to be found among some of the best opinions.[4] With the promulgation of Rule 6(e) of the Federal Rules of Criminal Procedure it now appears, however, that the 'court has power "in connection with a criminal proceeding" to compel disclosure of matters occurring before the grand jury.' United States v. Alper, 2 Cir., 156 F.2d 222, 226. I do not think this is a new grant of power to the trial court. The same admonitions articulated by Judge Learned Hand in 1909, as indicated supra, are as cogent today even with the new rule as they were before it made its appearance."

Again quoting Judge Leahy: "It is a power, I think, which should be exercised with caution lest the function of the nisi prius judge by a legal osmosis absorbs the traditional duties of the Grand Jury and decides on individual guilt or innocence * * *."

Referring to Rule 6(e), supra, it will be seen that the court has no authority to permit or require disclosure of matters occurring before the grand jury except (1) to attorneys for the government; (2) "preliminarily to or in connection with a judicial proceeding"; or (3) at the request of the defendant upon proper showing.

The motion which I have been requested to grant certainly does not fall under category (1), as the attorneys for the government already have the information. It certainly does not fall under category (3), as the request is not made by any defendant. We must then resort to category (2), which clearly shows that the motion must be denied as it certainly is not made "preliminarily to or in connection with a judicial proceeding."

The phrase "preliminarily to or in connection with a judicial proceeding" contemplates a proceeding pending in a District Court which would necessitate the disclosure of matters occurring before a grand jury empaneled by that court. There is no proceeding pending in this court which would justify such action; but the reverse is true. In this case three of the defendants have filed notice of appeal, and such appeals are pending before the United States Court of Appeals for the Fifth Judicial Circuit. In the event of the remand of these cases or any of them, or should any of these three defendants for any reason later have to be tried for this offense, the interests of justice require the veil not be lifted, for disclosure of the identity of the individuals referred to would seriously hamper the government in its prosecution of the case before the court and jury.

---

1. Housel and Walser in "Defending and Prosecuting Federal Criminal Cases" (p. 353) discuss applications to inspect minutes of the Grand Jury and conclude the motion is rarely, if ever, granted.

2. As District Judge in U. S. v. Violon, C. C., 173 F. 501, 502.

3. U. S. v. Garsson, D.C., 291 F. 646, 649.

4. See, in particular, U. S. v. Foster, D.C., 80 F.Supp. 479, 483; U. S. v. American Medical Association, D.C., 26 F.Supp. 429, 430; U. S. v. Silverthorne, D.C., 265 F. 853, 855; McKinney v. U. S., 8 Cir., 199 F. 25, 27 * * *.

It is my considered judgment that the correct interpretation of the law and the facts leads to but one conclusion, namely, the denying of the motion.