**CORONA CONSTRUCTION COM-PANY, Plaintiff,**

**v.**

**AMPRESS BRICK COMPANY, INC., et al., Defendants.**

**No. 73 C 1082.**

United States District Court, N. D. Illinois.

May 10, 1974.

McConnel Mahon & Borst, and Mazza, Mazzio & Ware, Chicago, Ill., for plaintiff Corona Construction.

Jerome H. Torshen, Ltd., Chicago, Ill., for plaintiffs Normandy Hill, Inc.; George T. Offord-Scarsdale Apartments; Kuntz Development Corp.; Mary Knoll Development Corp.; Erich Kuntze, Campbell-Wilke Group; Eastman Center Building; Lakehurst Development Company; Valenti Sauganash Estates, Inc.; Dearbrook II Ltd.; Centex Homes Corporation; Allied Structures, Inc.; Hollywood Builders Co., Inc.; and Kaiser Investments.

Lee A. Freeman, Jr., and Lee A. Freeman, of Freeman, Freeman & Salzman, Chicago, Ill., and Graham, Meyer, Young, Welsch & Maton, Danville, Ill., for plaintiff State of Illinois.

Robert S. Atkins of Freeman, Freeman & Atkins, Chicago, Ill., for plaintiff Mor-Well General Contractors, Inc.

Gary Senner and Earl E. Pollock of Sonnenschein, Levinson, Carlin, Nath & Rosenthal, Chicago, Ill., for defendant Chicago Block Co. and defendant Bevignani.

George B. Collins and Jeffrey A. Schulman, Chicago, Ill., for defendant Northfield Block Co.

Joel C. Levy of Tinkham, Beckman, Kelly & Singleton, Hammond, Ind., for defendants SGM Corp. and Arnold Check.

Thomas F. Carey, Chicago, Ill., for defendants American Brick Co. and Robert F. Carey.

Thomas W. Johnston and Alan I. Greene of Chadwell, Kayser, Ruggles, McGee, Hastings & McKinney, Chicago, Ill., for defendants Heights Block and Dale C. Wright.

Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., for defendant Joliet Concrete Prod.

James P. Morgan and David A. Stall, Chicago, Ill., for defendants E. L. Ramm and James Gillstrom.

Edward H. Hatton, Elmer J. Schaefer, Alan L. Metz and Lynne E. McNown of Jenner & Block, Chicago, Ill., for defendants Illinois Brick and Norman Lunde.

Griffin, Guinan & Griffin, Chicago, Ill., for defendant Joe Metz, Inc.

Roy B. Schneider, Morton Grove, Ill., Samuel J. Betar, Chicago, Ill., for defendant Ampress Brick Co.

Robert A. Chapski, Elgin, Ill., for defendant Valley Block.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the plaintiffs' motions for an order requiring the Antitrust Division of the United States Department of Justice to produce: (1) all documents collected or received in connection with the investigation of antitrust violations leading to the complaint in United States v. Ampress Brick Co., 73 C 1016 (N.D.Ill.); and (2) grand jury subpoenas issued to witnesses in the course of that investigation. One group of plaintiffs also seeks an order impounding grand jury testimony in connection with the aforesaid investigation.

It is important to the proper disposition of the instant motions to understand the traditional secrecy of the grand jury and its evidence. In this country as in our English heritage the grand jury acts in secret. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1908); Blair v. United States, 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979 (1919); McGrain v. Daugherty, 273 U.S. 135, 47 S.Ct. 319, 71 L.Ed. 580 (1927); United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546 (1943); 4 Blackstone Commentaries 301 et seq.; 1 Pollock and Maitland, History of English Law (1895), page 130; 1 Holdsworth, History of English Law (1927), pages 312–323. From earliest times it has been the policy of the law to shield the proceedings of grand juries from public scrutiny. While the grand jury is, in a sense, a part of our court system, when exercising its traditional functions it possesses an independence which is unique. Its authority is derived from none of the three basic divisions of our government, but rather from the people themselves.

With the grand jury came its time-honored policy of secrecy. With the exception of a clear demonstration by a party of a most compelling particularized need, nothing in the history of the grand jury appears to justify the piercing of this veil of secrecy by third persons for the purposes of a civil proceeding. In re Holovachka, 317 F.2d 834 (7th Cir. 1963); In re April 1956 Term Grand Jury, 239 F.2d 263 (7th Cir. 1956). The idea that information obtained from the perusal of material in the possession of a grand jury may be used for the purposes of a civil proceeding is in direct conflict with the policy of secrecy of grand jury proceedings. The grand jury as a public institution serving the community might well suffer if those testifying or submitting

documents today knew that the secrecy of their testimony or evidence would be lifted tomorrow. See United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

Rule 6(e) of the Federal Rules of Criminal Procedure provides the measure of authority by which the traditional secrecy of grand jury evidence may, under limited circumstances, be broken. Rule 6(e) provides, in pertinent part:

"Disclosure of matters occurring before the grand jury other that its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise, a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule."

The first sentence of Rule 6(e) refers to attorneys for the government. This means attorneys for the United States government. In re Grand Jury Proceedings, 309 F.2d 440 (3rd Cir. 1962). Rule 54(c) of the Federal Rules of Criminal Procedure specifically defines this phrase to mean "the Attorney General, an authorized assistant of the Attorney General, a United States Attorney, an authorized assistant of a United States Attorney." It is clear that this term includes only attorneys for the United States government and not the attorney for any county or state government. See United States of America v. Downey, 195 F.Supp. 581 (S.D.Ill.1961); United States v. Crolich, 101 F.Supp. 782 (S.D.Ala.1952). Even though one of the plaintiffs is the State of Illinois represented by its Attorney General and his assistants, it is clear that they do not qualify under Rule 6(e) as "attorneys for the government."

Mindful of this tradition of grand jury secrecy the District Court for the Northern District of Illinois enacted Local Criminal Rule 1.04(e) on September 21, 1971.

Rule 1.04(e) provides:

"Except as enumerated below all records maintained by the Clerk of the Court which relate to grand juries including grand jury subpoenas, transcripts of testimony before any grand jury, the clerk's docket of grand jury proceedings, motions and orders relating to grand jury subpoenas, true bills, and no bills, shall be suppressed and released only on the order of the Chief Judge or Acting Chief Judge of this Court. The following documents relating to grand juries shall be public records:

Orders empaneling grand juries;

Orders returning indictments;

Orders extending the period of service of grand juries;

Orders discharging grand juries; and

Lists of the names and addresses of the members of each grand jury empaneled.

Any attorney who has filed an appearance in a criminal case pending in this court can, on his request, obtain from the Clerk of the Court a copy of any grand jury subpoena issued against his client, any motions, orders or documents relating to that subpoena in the grand jury proceeding from which the case arose."

It is clear from these two rules that the perfunctory production to a plaintiff in a civil action of documents either subpoenaed by the grand jury or voluntarily provided to the prosecution and used in the grand jury proceeding violates the traditional secrecy of the grand jury. Such production is, in ef-

fect, a disclosure of the grand jury proceeding and the identity of persons subpoenaed by the grand jury. State of Minnesota v. United States Steel Corporation, 44 F.R.D. 559 (D.Minn.1968).

■ It is equally clear from Rule 1.04 (e) that grand jury subpoenas and names of witnesses should not be produced without the appropriate order of the Chief Judge or Acting Chief Judge of this Court. The policy of suppression established by this Court should not be circumvented by directing an order of this Court for production to the Justice Department.

The Antitrust Division has represented that it collected and received approximately 2,000 documents from 18 owners on a voluntary basis and approximately 9,000 documents from 36 owners pursuant to grand jury subpoenas. These documents are purportedly on file in Room 2634 of the Everett M. Dirksen Building in Chicago, in the custody of the Midwest Office of the Antitrust Division. The Antitrust Division has also represented to this Court that thirty-seven *duces tecum* subpoenas and thirty-three *ad testificandum* subpoenas were issued during the grand jury investigation in this matter. Further, the grand jury testimony of 27 witnesses has been transcribed and the transcripts are in the custody of the Midwest Office of the Antitrust Division. The Antitrust Division opposes any disclosure of the putative documents without giving the owners of the documents notice and

the opportunity to be heard before the Court orders disclosure.[1]

■ It is clear to this Court that the policy of grand jury secrecy established by this Court should not be circumvented by means of obtaining a Court order requiring the Antitrust Division to produce and disclose the material requested by the instant plaintiffs.

The material which the plaintiffs request this Court to order to be disclosed can be categorized in the following manner:

1. Documents obtained by the Antitrust Division pursuant to a grand jury subpoena.

2. Documents obtained on a voluntary basis and used in the Antitrust Division presentation to the grand jury.

3. Documents obtained on a voluntary basis and not used by the Antitrust Division in the presentation to the grand jury.

4. Grand jury subpoenas.

5. Names of grand jury witnesses.

■ It is clear to this Court that pursuant to Local Criminal Rule 1.04(e) the documents comprising categories 1 and 2 above cannot be disclosed directly or indirectly by the government, this Court or this Court's Clerk without the appropriate order from the Chief Judge or Acting Chief Judge of this Court ordering their release.[2] Thus, the plaintiffs, if they still desire to seek the disclosure of these documents, should file

1. Such a procedure was followed in the disclosure of documents which the Antitrust Division had collected in the *Children's Books* antitrust litigation, No. 67 C 1899, and related cases (N.D.Ill.). In that case the Antitrust Division undertook to give notice to all persons who had submitted documents, whether submitted voluntarily or pursuant to grand jury subpoenas, that their documents were sought by third parties in order to give each owner an opportunity to submit any objections he might have to disclosure of his documents. Thereafter, the Court did grant disclosure of the documents, except for one document on which the government claimed informant's privilege. It

appears to this Court that if any of the documents are to be disclosed the above procedure is a wise and practical manner of proceeding.

2. The defendants have stated that they do not object to producing for the plaintiffs the documents which they furnished to the grand jury as long as the production of these documents occurs at the same time that plaintiffs fulfill its discovery obligations and answers the interrogatories which were served on them.

Given the instant ruling the plaintiffs should evaluate the reasonableness of the defendants' offer and whether they wish to accept it.

the appropriate motion before the Chief Judge of this Court. Also pursuant to Local Criminal Rule 1.04(e) the grand jury subpoenas and names of grand jury witnesses, categories 4 and 5 above, may not be disclosed without the appropriate order from the Chief Judge of this Court. Local Criminal Rule 1.04(e) expressly overruled the prior order relating to grand jury subpoenas dated October 12, 1958. The prior rule provided for suppression only "until after the witness named therein shall have concluded his testimony before the Grand Jury." Thus, there has been a clear change of policy by this Court, which must be followed in this action. Further, witnesses names are matters before the grand jury and are so entitled to secrecy. The major reason for secrecy of proceedings at this late stage is to prevent intimidation of future grand jury witnesses who might believe their names would be released if names were disclosed here and hence be reluctant to testify. State of Minnesota v. United States Steel Corporation, *supra*.

■ In passing, this Court will note that it is questionable whether the plaintiffs have met their burden of demonstrating a sufficient "particularized need" to merit disclosure of grand jury information. See, e. g., Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); United States v. Procter & Gamble Co., *supra*; Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546 (1943). Mere savings of a monetary burden will not suffice to bring the Court's discretion into play under Rule 6(e) of the Federal Rules of Criminal Procedure or Local Criminal Rule 1.04 (e). United States v. Procter & Gamble Co., *supra*; Application of State of California, 195 F.Supp. 37 (E.D.Pa.1961); City of Philadelphia v. Westinghouse Electric Corp., 210 F.Supp. 486 (E.D. Pa.1962).

■ The documents characterized in category 3 putatively have no relation to the grand jury proceedings and thus may be disclosed to the plaintiffs if the owners of the documents do not object. The Antitrust Division is instructed to inform this Court if any such documents exist and, if such documents do exist, to prepare, as they have suggested, their draft notice to the owners of such documents.

Finally, an order impounding grand jury transcripts is unnecessary. There is no reason to believe that the Department of Justice would destroy its copies of the transcripts. Further, the Court's copies of the transcripts are already impounded pursuant to Local Criminal Rule 1.04(e) of this Court.

Accordingly, it is hereby ordered that the plaintiffs' motion for production is granted in part and denied in part as outlined above.