Robert J. PIGMAN, In His Capacity as Prosecutor of Vanderburgh County, Indiana, Appellant (Defendant Below),

v.

The EVANSVILLE PRESS, Appellee (Plaintiff Below).

No. 82A01–8808–CV–00260.

Court of Appeals of Indiana, First District.

May 8, 1989.

Robert J. Pigman, Prosecutor, Vanderburgh County, Christian M. Lenn, Deputy Prosecutor, Vanderburgh County, Evansville, for appellant.

Patrick A. Shoulders, Rebecca T. Kasha, Early, Arnold & Ziemer, Evansville, for appellee.

ROBERTSON, Judge.

Appellant-defendant Robert Pigman brings this appeal from the trial court's order directing him to disclose certain grand jury subpoenas to appellee-plaintiff The Evansville Press.

We reverse.

This case was brought by the Evansville Press newspaper, after its reporter sought to inspect copies of grand jury subpoenas in a certain case in which the grand jury

had returned a no bill. Robert Pigman, the prosecutor of Vanderburgh County, refused the Press's request, citing the requirement that the grand jury proceedings be kept secret. IND.CODE 35-34-2-4(i). The facts are not disputed, and are set forth in the parties' stipulation. Record at 17. Aside from the above facts, the parties stipulated that by the prosecutor's submitting the subpoenas for the court's *in camera* inspection, he reserved his claim that the subpoenas should not be disclosed.

The trial court ruled in favor of the Evansville Press, and ordered Pigman to produce copies of the subpoenas and to pay Evansville Press $450.00 in attorney fees by authority of I.C. 5-14-3-9(h)(1). Pigman brought this appeal.

The issue before us is whether, pursuant to Indiana's Public Records Act, IND. CODE 5-14-3-1 *et seq.*, members of the general public have the right to inspect and copy subpoenas issued by the grand jury.

Pigman posits that the Public Records Act provides an exception for records declared confidential by state statute, and subpoenas issued to obtain testimony before the grand jury are a part of secret grand jury proceedings. Evansville Press counters that the Public Records Act does not specifically except grand jury subpoenas, and that the statute declaring grand jury proceedings secret does not extend to subpoenas.

This is a case of first impression in Indiana. We may distinguish this court's holding in a prior case involving Pigman and another newspaper, *Evansville Courier v. Prosecutor Vanderburgh County* (1986), Ind.App., 499 N.E.2d 286. In that case, we held that the prosecutor had failed to produce sufficient evidence that trial subpoenas he had caused to be issued were investigatory records of a law enforcement agency, and therefore an exception to the act. In dicta, we distinguished between subpoenas issued by the prosecutor, and grand jury subpoenas, observing that "secrecy of grand jury proceedings is statutorily sanctioned."

Before us today is a case in which the traditional secrecy of grand jury proceedings is pitted against the liberal provisions of our Public Records Act.

■ Under the Access to Public Records section of the Anti-Secrecy Act, it is the express public policy of this state "that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees." IND.CODE 5-14-3-1. In order to implement this policy, chapter 3 is to be liberally construed. I.C. 5-14-3-1. Section 3 of the Act permits any person to "inspect and copy the public records of any public agency [1] during the regular business hours of the agency, except as provided in section 4 of this chapter," I.C. 5-14-3-3. Section 4 states:

> "The following public records are excepted from section 3 of this chapter and may not be disclosed by a public agency, unless access to the records is specifically required by a state or federal statute or is ordered by a court under the rules of discovery: (1) Those declared confidential by state statute."

I.C. 5-14-3-4(a)(1).

The public agency that is custodian of confidential records is without discretion in the matter of whether to disclose. (I.C. 5-14-3-4(b) excepts certain records at the *discretion* of the public agency.) I.C. 5-

---

1. In pertinent part, I.C. 5-14-3-2 states:
 "Public agency" means:
 (1) any board, commission, department, division, bureau, committee, agency, office, instrumentality, or authority, by whatever name designated, exercising any part of the executive, administrative, judicial, or legislative power of the state;
 \* \* \* \* \* \*
 "Public record" means any writing, paper, report, study, map, photograph, book, card, tape recording, or other material that is created, received, retained, maintained, used, or filed by or with a public agency and which is generated on paper, paper substitutes, photographic media, chemically based media, magnetic or machine readable media, or any other material, regardless of form or characteristics.
 Pigman makes no claim that the grand jury is not a public agency, or that the definition of "public record" does not encompass subpoenas.

14–3–1 places the burden of proof for non-disclosure on the public agency denying access. Accordingly, Pigman had the burden of proving that the subpoenas were not to be disclosed because they were confidential.

 Indiana has codified the traditional practice of grand jury secrecy at I.C. 35–34–2–3(e) and 35–34–2–4. I.C. 35–34–2–4(i) states:

> Grand jury proceedings shall be secret, and no person present during a grand jury proceeding may, except in the lawful discharge of his duties or upon written order of the court impaneling the grand jury or the court trying the case on indictment presented by the grand jury, disclose:
>
> (1) the nature or substance of any grand jury testimony; or
>
> (2) any decision, result, or other matter attending the grand jury proceeding.

Evansville Press has not challenged any assumption that the above provision makes proceedings before the grand jury confidential, or that any records of grand jury proceedings would come within the exception to disclosure at I.C. 5–14–3–4(a)(1). Rather, Evansville Press disputes that the grand jury subpoenas are a "matter attending the grand jury proceeding."

Therefore, we must determine whether grand jury subpoenas are included within the reach of the secrecy provisions. There are a number of cases from foreign jurisdictions upon which we may draw authority. One line of cases deals with requests for grand jury subpoenas pursuant to Federal Rules of Criminal Procedure, Rule 6(e). More pertinent are two cases which examine the relationship between the relevant "public records" enactments and the grand jury provisions of the jurisdiction. We will examine these in turn.

**2.** The 1983 amendment reads:
Records, orders and subpoenas relating to grand jury proceedings shall be kept under seal to the extent and for such time as is necessary to prevent disclosure of matters occurring be-

## DISCLOSURE OF GRAND JURY SUBPOENAS UNDER RULE 6(e)

Federal Rules of Criminal Procedure, Rule 6(e) governs the recording and disclosure of federal grand jury proceedings. Rule 6(e)(2) states the general rule of secrecy:

> (2) A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

Subparagraph (c) details limited exceptions to the general rule.

Prior to the 1983 amendment adding a provision for sealing grand jury subpoenas, Rule 6(e)(6)[2], federal courts were faced with the question of whether a motion for disclosure of grand jury subpoenas under Rule 6(e) would fall under the general rule of nondisclosure of "matters occurring before the grand jury." Generally, the federal courts have held that disclosure of grand jury subpoenas would reveal the names of witnesses, which are "matters occurring before the grand jury." *SEC v. Dresser Industries* (D.C.Cir.1980) 628 F.2d. 1368; *Krause v. Rhodes* (N.D.Ohio 1979) 535 F.Supp. 338; *Corona Construction Co. v. Ampress Brick Co.* (N.D.Ill.1974) 376 F.Supp. 598; *Application of State of Calif. to Inspect Grand Jury Subpoenas* (E.D.Penn.1961) 195 F.Supp. 37; *State of Minnesota v. U.S. Steel Corp.* (1968) 44 F.R.D. 559. The secrecy requirement of Rule 6(e) applies not only to information drawn from transcripts of grand jury proceedings, but also to anything which "may tend to reveal what transpired before the grand jury." *In re Grand Jury Investiga-*

fore a grand jury. The language of this provision, although designed to prevent disclosure of subpoenas, seems to leave doubt whether a court may order disclosure after a grand jury investigation is concluded.

*tion v. United States Dept. of Justice* (5th Cir.1980) 610 F.2d 202 (court ruled upon question whether persons had violated oath of secrecy). Accordingly, witnesses' names are matters occurring before the grand jury and are entitled to secrecy for the same reasons and on the same basis as transcripts of testimony. *United States v. White Ready–Mix Concrete Co.* (N.D.Ohio 1981) 509 F.Supp. 747.

With the exception of the Fifth Circuit case, the petitioners in the above cases were plaintiffs in civil cases seeking grand jury subpoenas, or other materials revealing identities of grand jury witnesses, to aid them in conducting discovery in their civil suits which arose out of the grand jury investigation. In order to gain disclosure, parties seeking grand jury materials under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. *Douglas Oil Co. of California v. Petrol Stops Northwest* (1979), 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156.

As the above authorities document, Rule 6(e) has generally been interpreted broadly to implement the public policy of grand jury secrecy. Thus, "matters occurring before the grand jury" has consistently included any material which might reveal what transpired before the grand jury and, by implication, includes the names or identities of those who may have appeared to testify before the grand jury.

Moreover, continued protection of grand jury secrecy is necessary for the functioning of future grand juries:

> Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. Concern as to the future consequences of frank and full testimony is heightened where the witness is an em-

ployee of a company under investigation. Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

*Douglas Oil, id.*

Comparing Rule 6(e) to the Indiana statute on grand jury proceedings, we note that the language of I.C. 35–34–2–4(i) makes secret any "other matter attending the grand jury proceeding." Although the bare language of the federal rule and the Indiana statute each suggests that confidentiality is limited to what took place behind the closed door of the grand jury room, (as Evansville Press asserts), the courts have not so limited the scope of Rule 6(e), in order to implement the policy of secrecy so fundamental to the functioning of the grand jury system.

### DISCLOSURE OF GRAND JURY SUBPOENAS UNDER "PUBLIC RECORDS" ENACTMENTS

Persons who wish to inspect and copy non-exempt records of federal agencies may request them under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1976). In *Fund for Constitutional Government v. National Archives And Records Service* (D.C.Cir.1981) 656 F.2d 856, the court decided the scope and applicability of Rule 6(e) to FOIA exemption 3, which exempts from disclosure matters that are "specifically exempt from disclosure by statute ... provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld."

Some of the voluminous documents requested by the Fund for Constitutional Government (FCG) from the Watergate Special Prosecution Force were records resulting from a grand jury investigation, including those naming grand jury witnesses. After concluding that Rule 6(e) is a statute within the meaning of FOIA Exemption 3, the court went on to decide whether the grand jury documents were

within the reach of Rule 6(e). Consistent with the above federal authorities, the court held that the secrecy provisions "encompass ... not only the direct revelation of grand jury transcripts but also the disclosure of information which would reveal the identities of witnesses or jurors ...", *Fund, id.* at 869, citing *SEC v. Dresser Industries, Inc., supra.* Accordingly, because the disclosure of information, including that identifying grand jury witnesses, would reveal matters occurring before the grand jury, it was exempt from disclosure pursuant to FOIA Exemption 3 and Rule 6(e).

The *Fund* court specifically found that since the case involved an FOIA request, the court was not required to balance the interest in continued secrecy against the particular interest in disclosure, citing *Douglas Oil, supra.* An FOIA case, then, is contradistinct from ones like the federal cases cited in the earlier section, in which a petitioner was requesting disclosure of grand jury materials under Rule 6(e)(3)(c)(I) in connection with a judicial proceeding. In an FOIA case, the court need only determine whether disclosure of grand jury materials would disclose matters occurring before the grand jury. *Fund, supra* at 869. Finally, the court recognized that the general rule of secrecy operates without respect to the remoteness in time of grand jury proceedings, quoting the public policy factors in the *Douglas Oil* case. *Fund, id.* at 869.

We also find guidance in a Louisiana case, *Hewitt v. Webster* (1960), La.Ct.App., 118 So.2d 688. In that case, the court scrutinized Louisiana's Public Records Act to determine whether a petitioner's request for returns of grand jury subpoenas are public records subject to inspection.

While Louisiana's Public Records Act is seemingly as broad as Indiana's with respect to the scope of public records defined in the Act, it apparently made no specific exception for records which were secret or confidential by law. Nevertheless, relying upon the statute providing for secrecy of grand jury sessions, the court held that the law respecting grand jury secrecy must prevail and take precedence over the Public Records Act, consonant with the general rule that a special law prevails over a conflicting, general law on the same subject. *Hewitt, supra* at 693-94. The court noted:

> The law of secrecy as regards the proceedings of the grand jury includes, as a matter of public policy, the names of the witnesses who appear before the jury. To those who may be affected by their testimony, publication of the names of the witnesses without further information would, no doubt, in many instances, be sufficient to apprise those intended to be investigated of their forthcoming investigation by the grand jury. Thus, it is evident by the mere revelation of the names of the witnesses the law of secrecy as regards the proceedings would be thwarted and the purposes intended to be attained defeated.

Thus, the importance of, and preference for, disclosure that is inherent in "Public Records" enactments has given way to the preservation of the grand jury system and the concomitant necessity for secrecy attending the proceedings. The disclosure of grand jury subpoenas, revealing as they must the names of witnesses, targets, and the nature of the grand jury investigation [3] has been consistently disallowed, since subpoenas reveal the inner workings of the grand jury. Moreover, the interest in secrecy is not eliminated when an investigation has ended, because disclosure may affect the functioning of future grand juries, since witnesses may be reluctant to testify knowing that their identities may be disclosed at some future date. *See Douglas Oil, supra.*

Although Evansville Press does not argue that the interest in secrecy is outweighed by the Press's interest in inspecting the subpoenas,[4] it appears that any

---

**3.** Under I.C. 35-34-2-5, a subpoena must contain a statement of the general nature of the grand jury inquiry. A subpoena issued to a target must also contain a statement informing him that he is the subject of the grand jury investigation.

**4.** Also, Evansville Press does not assert any first amendment freedom of press right to access.

balancing of interests is limited solely to a party who is subject to some other judicial proceeding in which he can demonstrate that he will suffer some injustice if he is denied access to the documents. Consideration of a request under our Public Records Act entails only an examination of whether the document falls within one of the exceptions to the general rule of disclosure.

In sum, I.C. 35-34-2-4 is a state statute declaring grand jury proceedings confidential, and includes grand jury subpoenas. Accordingly, those records are excepted from the operation of I.C. 5-14-3-3. The trial court erred in ordering them disclosed. Because the plaintiff in this action has not prevailed, we also reverse the trial court's awarding of attorney fees under I.C. 5-14-3-9(h)(1).

Judgment reversed.

RATLIFF, C.J., and NEAL, J., concur.

---

However, we note that the first amendment does not guarantee the press a constitutional right of special access to information not available to the public generally. *Branzburg v. Hayes*

(1972), 408 U.S. 665, 684, 92 S.Ct. 2646, 2658, 33 L.Ed.2d 626. We so held recently in *State v. Heltzel* (1989), Ind.App., 533 N.E.2d 159.