OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Beacon Journal Publishing Company et al.,
Appellants, v. Waters, Clerk, et al., Appellees.
[Cite as State ex rel. Beacon Journal Publishing Co. v. Waters
(1993),      Ohio St.3d      .]
Mandamus to compel access to subpoenas issued for grand jury
     proceedings and to log known as Grand Jury Witness Record
     Book -- Writ denied, when.
     (No. 92-2050 -- Submitted May 18, 1993 --  Decided
September 15, 1993.)
     Appeal from the Court of Appeals for Medina County, No.
1999.
     Appellants are the Beacon Journal Publishing Company,
which publishes the Akron Beacon Journal, and one of the
Journal's reporters, Christine Maly.  Appellees are Jean
Waters, the Clerk of the Medina County Court of Common Pleas,
Phillip A. Baird and Judith A. Cross, the two judges of that
court, and Dean Holman, the Medina County Prosecuting Attorney.
     On March 20, 1991, appellant Maly requested access to
subpoenas issued for grand jury proceedings being conducted
that day and to a log known as the Grand Jury Witness Record
Book.  Appellee Waters refused access, citing an order of the
appellee judges requiring the clerk to maintain secrecy
regarding these two documents.
     On the same date, appellee Holman asked Maly to leave the
basement area of the Medina County Courthouse that the county
restricts to participants and witnesses before grand jury
proceedings.  Maly complied with the request.
     On March 26, 1991, appellants filed a complaint for a writ
of mandamus in the Court of Appeals for Medina County, seeking
to compel appellees to provide access to the subpoenas and the
Grand Jury Witness Record Book under the state Public Records
Act, R.C. 149.43, and to compel appellees to allow access to
the restricted area of the courthouse.  The court of appeals
found for appellees on both issues.
     The cause is before the court upon an appeal as of right.

     Roetzel & Andress, Ronald S. Kopp and Amie L. Bruggeman
for appellants.

Isaac, Brant, Ledman & Becker, Mark Landes and Barbara L. Kozar, for appellees.

Per Curiam.  Appellants appeal only that part of the decision concerning the grand jury subpoenas and the Grand Jury Witness Record Book.  The parties argue three issues concerning the subpoenas and the witness book: (1) whether the documents are protected by grand jury secrecy under Crim. R. 6(E); (2) whether the documents are "confidential law enforcement investigatory records," as defined in R.C. 149.43(A)(2), and thus not "public records," as defined in R.C. 149.43(A)(1); and (3) whether the records are protected by the local court order of the appellee judges, as a manifestation of the inherent authority of a common pleas court to supervise the activities of the grand jury in a county.  The court of appeals decided only the first of the three issues, holding that Crim. R. 6(E) provided an exception to disclosure under the Public Records Act.  We affirm that judgment.

### I. Crim. R. 6(E)

Crim. R. 6(E) states in part:

"Secrecy of proceedings and disclosure.  Deliberations of the grand jury and the vote of any grand juror shall not be disclosed.  Disclosure of other matters occurring before the grand jury may be made to the prosecuting attorney for use in the performance of his duties.  A grand juror, prosecuting attorney, interpretor, stenographer, operator of a recording device, or typist who transcribes recorded testimony, may disclose matters occurring before the grand jury, other than the deliberations of a grand jury or the vote of a grand juror, but may disclose such matters only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.* * *"

The court of appeals decided that the records in question were exempt as "other matters occurring before the grand jury."

In part, R.C. 149.43(A)(1) defines a "public record" as any record kept by a public office, except certain specifically defined records and "records the release of which is prohibited by state or federal law."  Appellants argue that Crim. R. 6(E) cannot be a "state law" for these purposes because, under Section 5(B), Article IV, Ohio Constitution, this court has authority only to "prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right."  Appellants argue that if Crim. R. 6(E) is construed to be a state law restricting access to public records, a procedural rule will abridge their substantive right to inspect and copy public records under R.C. 149.43(B).  This argument derives from State ex rel. Clark v. Toledo (1990), 54 Ohio St.3d 55, 56-57, 560 N.E.2d 1313, 1314, in which we stated:

"R.C. 149.43(B) states that '[a]ll public records shall be * * * made available for inspection to any person * * *.'  As recognized in State ex rel. Natl. Broadcasting Co. v. Cleveland, supra [(1988), 38 Ohio St.3d 79, 526 N.E.2d 786], R.C. 149.43 'substantially broadened the common-law approach'

to 'citizen access to governmental information.'  Id. at 81, 526 N.E.2d at 788.  As such, the right to access conferred by R.C. 149.43(B) is a substantive right.  See Krause v. State (1972), 31 Ohio St.2d 132, 144-145, 60 O.O. 2d 100, 106-107, 285 N.E.2d 736, 744.  Because the right to access is substantive, it cannot be abridged by Crim. R. 16.  Section 5(B), Article IV of the Ohio Constitution; Krause v. State, supra, at paragraph five of the syllabus."

In Clark, the respondents attempted to use Crim. R. 16(B)(2) as a Public Records Act exception outside the criminal process, and in fact after the criminal process had been concluded.  This argument should have been rejected on grounds that Crim. R. 16(B)(2) is essentially a discovery rule and has no application after the criminal process has concluded.  Crim. R. 6, however, creates the basic procedure for the grand jury, and its provisions are not dependent on the passage of time or changes of status of the parties.

Therefore, we hold that the statement in Clark that seemed to preclude court rules from ever contradicting substantive statutes was overbroad.  The R.C. 149.43(A)(1) exception for other "state law" may include procedural court rules, and does include Crim. R. 6(E).

Providing the limits of grand jury secrecy is an element of "practice and procedure," under Section 5(B), Article IV, Ohio Constitution, and properly addressed by court rule. Although we have not previously construed Crim. R. 6(E) in this context, we have construed Crim. R. 6(A), which provides that the grand jury shall consist of nine members.  In State v. Brown (1988), 38 Ohio St.3d 305, 528 N.E.2d 523, we held that the number of grand jurors is a procedural matter and thus suitable to be addressed by rule, citing Wells v. Maxwell (1963), 174 Ohio St. 198, 200, 22 O.O. 2d 147, 148, 188 N.E.2d 160, 161, which held:

"The manner by which an accused is charged with a crime, whether by indictment * * * or by information * * *, is strictly a matter of procedure * * *."

While we have not defined practice and procedure under Section 5(B), Article IV, in Krause v. State (1972), 31 Ohio St. 2d 132, 145, 60 O.O.2d 100, 107, 285 N.E.2d 736, 744, we defined "substantive" as used in that section as "that body of law which creates, defines and regulates the rights of the parties."  Given this definition, we find that grand jury secrecy is a procedural matter rather than a substantive matter and, as such, properly a subject for court rule.  Providing the degree of openness to be observed in grand jury matters is inherently procedural, and not a matter of creating, defining, or regulating rights.  No one has a right to any particular degree of openness or secrecy, except as provided by law.

Crim. R. 6(E) is thus seen as a lawful procedural rule adopted pursuant to constitutional authority.  As such, it is analogous to an administrative rule lawfully adopted. "Administrative rules enacted pursuant to a specific grant of legislative authority are to be given force and effect of law."  Doyle v. Ohio Bur. of Motor Vehicles (1990), 51 Ohio St.3d 46, 554 N.E.2d 97, paragraph one of the syllabus. Properly adopted judicial rules have the same force and effect.  Section 5(B), Article IV emphasizes this fact by

stating:

"All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

Thus, even if R.C. 149.43(A)(1) did not contain an exception to the broad disclosure rights of R.C. 149.43(B) for disclosures prohibited by other state law, Section 5(B), Article IV provides the exception.  As Crim. R. 6(E) is a lawful procedural rule, the conflicting R.C. 149.43(B) would be of no further force and effect.  See Clark, supra, Holmes, J., dissenting.  However, since R.C. 149.43(A)(1) explicitly provides for an exception for other state law, we read the statute and constitutional provision harmoniously rather than as conflicting.  Accordingly, R.C. 149.43(B) grants appellants a substantive right to inspect and copy public records.  However, it grants no right to records that are otherwise exempt by law from release as public records.  R.C. 149.43(A)(1) excepts records whose disclosure is prohibited by state law from release as public records.  Section 5(B), Article IV, Ohio Constitution and Crim. R. 6(E), adopted thereunder, are state laws for this purpose.  Together they create a valid exception to disclosure under R.C. 149.43.

Having held that Crim. R. 6(E) may be the basis for a public records exception, we must now decide whether it does provide such an exception.  Appellants argue that the rule does not expressly provide for secrecy regarding subpoenas and the witness book, but the court of appeals held that the subpoenas and witness book are "matters occurring before the grand jury" under the rule, and thus are subject to disclosure only as provided by the rule.  The court of appeals relied on 1984 Ohio Atty. Gen. Ops. No. 84-79 and cases from other jurisdictions, particularly federal cases, construing former Fed. R. Crim. P. 6(e). (Current Fed. R. of Crim. P. 6[e] expressly subjects subpoenas and other records to secrecy requirements.)  The most directly applicable federal cases are United States v. White Ready-Mix Concrete Co. (N.D. Ohio 1981), 509 F. Supp. 747; and Application of State of California to Inspect Grand Jury Subpoenas (E.D. Pa. 1961), 195 F. Supp. 37.  Both cases held that subpoenas and witness identity were "matters occurring before the grand jury" under the former federal rule and thus subject to disclosure only as provided in the rule.

In Petition for Disclosure of Evidence (1980), 63 Ohio St. 2d 212, 17 O.O.3d 131, 407 N.E.2d 513, we held that the court that supervises a grand jury may disclose evidence where justice requires and prescribed a petition to that court as the proper means of obtaining release of materials (paragraphs one and two of the syllabus).  We also stated the test for disclosing "other matters":

"Such disclosure can be ordered only after the court carefully weighs the need to maintain the secrecy of the grand jury proceedings against petitioner's need for the information and determines that justice can only be done if disclosure is made."  Id. at 218, 17 O.O. 3d at 135, 407 N.E.2d at 518.

In State v. Greer (1981), 66 Ohio St.2d 139, 20 O.O. 3d 157, 420 N.E.2d 982, we held that disclosure is controlled by Crim. R. 6(E) (paragraph one of the syllabus) and that an accused wrongdoer could not inspect grand jury transcripts "unless the ends of justice require it and there is a showing

by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." Paragraph two of the syllabus. Greer also suggests that the test announced in Petition for Disclosure of Evidence is the same "particularized need" test. 66 Ohio St.2d at 148, 20 O.O.3d at 163, 420 N.E.2d at 988.

Appellants argue that the court should not follow the precedent of the federal cases construing the former federal rule. However, the former federal rule was similar in content and structure to the current Ohio rule, and we have looked to federal decisions for guidance in this area:

"As a consequence we look to the United States Supreme Court's decisions regarding Fed. R. Crim. P. 6(e) for guidance in the case at bar." Petition for Disclosure of Evidence, supra, 63 Ohio St.2d at 216, 17 O.O. 3d at 134, 407 N.E.2d at 517.

Accordingly, we find the federal cases construing the former federal rule to be persuasive authority. An Indiana court of appeals has reached the same conclusion in a case involving Indiana's Public Records Act. See Pigman v. Evansville Press (Ind. App. 1989), 537 N.E.2d 547.

II. Confidential Law Enforcement Investigatory Records

The parties argued below - - and renew their arguments on appeal - - whether the witness documents are "confidential law enforcement investigatory records," excepted from being public records under R.C. 149.43(A)(1) and (2). The court of appeals did not address this issue because it decided that Crim. R. 6(E) directly provides a broader exception. Since we concur in that judgment, we too treat this issue as moot.

III. The Medina County Court's Order

Notwithstanding the previously discussed bases for protecting the records in question, which came out in the litigation, the original basis for refusing to disclose the records was in fact the appellee judges' local order, which stated:

"IN RE: GRAND JURY PROCEEDING.

"WHEREAS, it has come to the attention of the Court that the Grand Jury Witnesses' Book Record is being used to circumvent the time honored secret nature of Grand Jury proceedings, and

"WHEREAS, the law requires that proceedings of the Grand Jury be forever kept secret and that Grand Jurors by law are required to take such an oath for the two-fold purpose

"(1) to protect the good name and reputation of those persons against whom unfounded accusations are made, and

"(2) so that those who are properly indicted do not have an opportunity to escape upon learning of the Grand Jury investigation

"and further, for the reason that witnesses appearing before the Grand Jury should have their identity protected so that they are not harmed or intimidated prior to giving their testimony.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the Clerk of this Court shall henceforth seal and keep secret Grand Jury Witnesses' Book Record together with all Grand Jury Subpoenas which are issued by said Clerk.

"IT IS FURTHER ORDERED that the Sheriff of Medina County,

Ohio and all his deputies, clerks and other personnel who might have contact and knowledge of such subpoenas are also ordered to keep them secret as set forth above."

Appellees argue that the appellee judges, who constitute the trial court with authority to supervise the grand jury in question, had inherent authority to declare the records confidential. They cite State ex rel. Shoop v. Mitrovich (1983), 4 Ohio St.3d 220, 4 OBR 575, 448 N.E.2d 800; State ex rel. Collins v. O'Farrell (1991), 61 Ohio St.3d 142, 573 N.E.2d 113; and Petition for Disclosure of Evidence, supra. None of these cases stands for the principle of inherent authority. Shoop, for example, plainly states in its syllabus:

"The court of common pleas has jurisdiction to supervise aspects of the grand jury as enumerated in R.C. 2939.01 et seq. and Crim. R. 6 * * *." (Emphasis added.)

Collins discusses the common pleas court's authority as stemming from Crim. R. 6, and Petition for Disclosure of Evidence discusses it as an aspect of R.C. 2939.11. Thus, far from establishing inherent authority of the court of common pleas, these cases emphasize the derivative nature of that authority.

Therefore, we hold that the appellee judges' authority to adopt the order in question is subject to Crim. R. 6(E), and the order's blanket prohibition against disclosure of witnesses' identity through subpoenas and the Grand Jury Witness Record Book, while not error as applied to the facts in this case or for routine administrative purposes, is, nevertheless, subject to the disclosure provisions of Crim. R. 6(E), as construed by Petition for Disclosure of Evidence and Greer, supra.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney and F.E. Sweeney, JJ., concur.
Resnick, J., concurs in judgment only.
Douglas, J., dissents with opinion.
Pfeifer, J., dissents.
Wright, J., not participating.
Alice Robie Resnick, J., concurring in judgment only. I respectfully disagree with the reasoning of the majority but concur in the judgment for the same reasons as those set forth in Pigman v. Evansville Press (Indiana App. 1989), 537 N.E.2d 547, 551 ("*** the importance of, and preference for, disclosure that is inherent in 'Public Records' enactments has given way to the preservation of the grand jury system and the concomitant necessity for secrecy attending the proceedings. The disclosure of grand jury subpoenas, revealing as they must the names of witnesses, targets, and the nature of the grand jury investigation[,] has been consistently disallowed, since subpoenas reveal the inner workings of the grand jury. Moreover, the interest in secrecy is not eliminated when an investigation has ended, because disclosure may affect the functioning of future grand juries, since witnesses may be reluctant to testify knowing that their identities may be disclosed at some future date." [Footnote omitted.]). Indeed, for purely public-policy reasons the secrecy always attendant to grand jury proceedings must be preserved. Such secrecy, of necessity, must include the subpoenas, as well as the witness

record book sought here.

If the public-policy argument advanced in cases such as Pigman were not so compelling, then I would join Justice Douglas in his dissenting opinion and agree that the matter must be remanded to the court of appeals for further consideration under R. C. 149.43(A)(1) and (2). However, the secrecy of grand jury proceedings as set forth in R.C. Chapter 2939 is of the utmost importance to our system of justice. That secrecy must be protected unless it can be shown that the need for disclosure far outweighs maintaining the secrecy of the proceedings.

For the foregoing reasons I concur in judgment only, and vote to affirm the judgment of the court of appeals.

Douglas, J., dissenting.    I respectfully dissent.  I do not believe that procedural court rules (see Civ.R. 1[A], Crim.R. 1[A] and Evid.R. 101[A]) are other "state law," as used in R.C. 149.43(A)(1) and as found by the majority.  The majority says that "[t]he R.C. 149.43(A)(1) exception for other 'state law' may include procedural court rules, and does include Crim.R. 6(E)."  (Emphasis added.)  The majority then engages in a circuitous and confusing, at best, discussion of "procedural matter" versus "substantive matter," arriving at the astounding statement that "[n]o one has a right to any particular degree of openness or secrecy, except as provided by law."  The majority's citation for the foregoing is Doyle v. Ohio Bur. of Motor Vehicles (1990), 51 Ohio St.3d 46, 554 N.E.2d 97, which, of course, has nothing to do with this court's rule-making authority provided by Section 5(B), Article IV of the Ohio Constitution, but involves only administrative rules given the force of law by virtue of specific legislative authority.  This court's constitutional authority for rule-making (or any other grant or mandate found in the Constitution) is not derived from the legislature.  The constitutional authority of this court comes directly from the people.  If the majority wants all procedural rules of court to be "state law," then the majority should just say so unequivocally, so that the issue can be debated and all the ramifications of such a decision may be considered.

I write no further on these subjects because I do not believe they are even before us.  The preliminary issue to be decided is the applicability of Crim.R. 6(E).  If the records in question do not fall under that rule, then it is irrelevant whether the Criminal Rules are "state law" and/or are procedural or substantive.

I concede, without further comment, the historical significance of grand jury "proceedings" being secret.  As there are good reasons for the rule, I am in full accord.  But that is not the issue here.  The question before us is whether grand jury subpoenas and a Grand Jury Witness Record Book are public records and thus available to the public pursuant to R.C. 149.43 or are exempted by the provisions of Crim.R. 6(E).  The majority says that the records are not public because they are exempted by the terms of Crim.R. 6(E), that the rule is a "state law" and, thus, that the records are exempt under the state-law provision of R.C. 149.43(A)(1).  I respectfully disagree.  For the majority to arrive at such a conclusion, the

plain and precise language of Crim.R. 6(E) must be tortured.

The majority has set forth the pertinent language of Crim.R. 6(E). The operative language of the rule that is in question is the phrase "other matters occurring before the grand jury." (Emphasis added.) The grand jury subpoenas and the Grand Jury Witness Record Book, says the majority, are "other matters occurring before the grand jury." I fail to see how inanimate objects (not presented directly to the grand jury), like a subpoena and a record book, can be matters "occurring before" the grand jury. The literal language of the rule does not permit such a construction.

Webster's Third New International Dictionary (1986) 1561, defines "occur" as to "take place: HAPPEN." Webster's, supra, at 197, defines "before" as "in front of" or "in the presence of." Thus, "occurring before" means something that takes place or happens in front of or in the presence of the grand jury. Given that the usual procedure for the issuing of grand jury subpoenas is that the prosecutor prepares the subpoena, gives it to the clerk for recording, who then gives it to the sheriff for service, it is clear that the subpoena is not something that "occurs before" the grand jury.

Probably recognizing this fact, the majority says we should look, for authority, to how federal courts interpret Fed.R.Crim.P. 6(e). In purporting to rely on federal case law, the majority says that "* * * the former federal rule was similar in content and structure to the current Ohio rule * * *." My research of the federal rule indicates that the majority is giving a very liberal interpretation to the word "similar." Nevertheless, that is not important. What is important is that in 1983, the United States Supreme Court found it appropriate and necessary to amend Fed.R.Crim.P. 6(e) by adding thereto a subsection (6).

Fed.R.Crim.P. 6(e)(6) provides:

"Sealed Records. Records, orders and subpoenas relating to grand jury proceedings shall be kept under seal to the extent and for such time as is necessary to prevent disclosure of matters occurring before a grand jury." (Emphasis added.) The notes of the Advisory Committee on Criminal Rules, in commenting on this new provision, cite the report of the Comptroller General, (Oct. 16, 1980), More Guidance and Supervision Needed over Federal Grand Jury Proceedings 14, as follows:

"'Subpoenas are the fundamental documents used during a grand jury's investigation because through subpoenas, grand juries can require witnesses to testify and produce documentary evidence for their consideration. Subpoenas can identify witnesses, potential targets, and the nature of an investigation. Rule 6(e) does not provide specific guidance on whether a grand jury's subpoenas should be kept secret. Additionally, case law has not consistently stated whether the subpoenas are protected by rule 6(e).

"'District courts still have different opinions about whether grand jury subpoenas should be kept secret. Out of 40 Federal District Courts we contacted, 36 consider these documents to be secret. However, 4 districts do make them available to the public.'"

It is crystal clear that the United States Supreme Court

saw the necessity to specifically provide by rule what the majority herein attempts to do by interpretation. I believe it is unfortunate that our Civ.R. 6(E) does not provide that which the federal rule does provide. This belief, however, does not mean we should read into the rule what is clearly not there. This matter should be referred to our Rules Advisory Committee for recommendation.

What is sought by the underlying order of the court of common pleas and both the judgment of the court of appeals and the the majority herein in affirming that order is to ensure the secrecy of the records sought to be obtained by appellants. Such a result might be achieved by applying the "confidential law enforcement investigatory records" exception found in R.C. 149.43(A)(1) and (2). The court of appeals did not consider this issue; thus, it would be inappropriate here to engage in a full discussion of the grand jury, its purposes and functions, and how the exception might apply.

I would reverse the court of appeals in its judgment concerning the issue of other matters "occurring before" the grand jury. I would remand the case to the court of appeals for that court to consider appellees' arguments concerning the exceptions found in R.C. 149.43(A)(1) and (2).

Because the majority does not so direct, I respectfully -- but vigorously -- dissent.