895 P.2d 131

**SAMARITAN HEALTH SYSTEM, an Arizona corporation, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Michael D. Ryan, a judge thereof, Respondent Judge,**

**STATE of Arizona ex rel. Grant WOODS, Arizona Attorney General, and Phoenix Newspapers, Incorporated, an Arizona corporation, Real Parties in Interest.**

No. 1 CA–SA 94–0191.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 29, 1994.

Review Denied May 23, 1995.*

Snell & Wilmer by Daniel J. McAuliffe and Martha E. Gibbs, Phoenix, for petitioner.

Scult, French & Zwillinger by Patricia A. Sallen and James F. Henderson, Phoenix, for Phoenix Newspapers, Inc.

Grant Woods, Atty. Gen. by Warren Granville and Carolyn K. Passamonte, Phoenix, for Real Parties in Interest.

## OPINION

LANKFORD, Judge.

Samaritan Health System petitioned for special action relief from a Superior Court order requiring public disclosure of Samaritan's documents. Samaritan had surren-

* Martone, J., of the Supreme Court, voted to grant review.

dered the documents to the Office of the Attorney General in connection with a grand jury investigation. We previously accepted jurisdiction of the special action and granted relief. This opinion explains the basis for our decision.

The Attorney General asked Samaritan to produce its internal audit report regarding reputed improprieties in the operation of Samaritan's corporate construction department. Samaritan furnished the documents under threat of a grand jury subpoena.

The Attorney General later obtained additional documents from Samaritan pursuant to grand jury subpoena. These documents consisted of audit workpapers and other documents related to the previously produced audit report. They included internal corporate documents and summaries of witness interviews.

Although the Attorney General reviewed these documents preliminary to possible action by the grand jury, he never presented the documents to the grand jury and no indictments were ever sought or returned in connection with this matter. Before Samaritan could retrieve the documents, Phoenix Newspapers asked the superior court to release them pursuant to the Arizona Public Records Act, Ariz.Rev.Stat.Ann. (A.R.S.) section 39–121.[1]

After an in camera review of the documents, the superior court ordered that they be disclosed. The court determined that: (1) the documents were "public records or other matters" subject to disclosure by statute; (2) the documents were not protected by the grand jury secrecy statute because the matter was not presented to the grand jury and because the documents were disclosed voluntarily in lieu of compliance with a subpoena; and (3) no evidence showed that the harm of disclosure was sufficient to warrant continued confidentiality. *See generally Carlson v. Pima County,* 141 Ariz. 487, 489–91, 687 P.2d 1242, 1244–46 (1984).

We hold that the confidentiality of the documents is preserved by the grand jury secrecy statute. *See* A.R.S. § 13–2812. Accordingly, we find it unnecessary to decide whether Samaritan's documents are "public records or other matters" under the Arizona Public Records Act, or whether the harm of disclosure otherwise requires continued confidentiality.

By statute, documents, testimony and other matters connected with a grand jury proceeding cannot be disclosed:

A. A person commits unlawful grand jury disclosure if such person knowingly discloses to another the nature or substance of any grand jury testimony or any decision, result or other matter attending a grand jury proceeding which is required by law to be kept secret, except in the proper discharge of his official duties or when permitted by the court in furtherance of justice.

B. Unlawful grand jury disclosure is a class 1 misdemeanor.

A.R.S. § 13–2812.

We conclude that documents produced pursuant to a grand jury subpoena are "matter[s] attending a grand jury proceeding." Such documents are therefore protected from disclosure by § 13–2812.[2]

In a similar case, the Indiana Court of Appeals reversed an order requiring disclosure of grand jury subpoenas. In *Pigman v. Evansville Press,* 537 N.E.2d 547 (Ind.App. 1989), the grand jury had returned a no bill. The court interpreted a broad public records disclosure law and a grand jury secrecy statute which, like Arizona's, protected "any . . . matter attending the grand jury proceeding" from disclosure. *Id.* at 549. After reviewing decisions from other jurisdictions, the court wrote: "[T]he importance of, and preference for, disclosure that is inherent in 'Public Records' enactments has given way to the preservation of the grand jury system and the

---

1. A.R.S. section 39–121 provides: "Public records and other matters in the office of any officer at all times during office hours shall be opened to inspection by any person."

2. The superior court erred in finding that Samaritan voluntarily produced its documents. The audit report was surrendered under threat of subpoena and the remaining documents were produced under subpoena.

concomitant necessity for secrecy attending the proceedings." *Id.* at 551.

 We reject the idea that these documents are unconnected to the grand jury proceeding because the grand jury never reviewed them. The documents were subpoenaed under the grand jury's investigative authority. *See* A.R.S. §§ 21–427(C), 13–4071(C). In obtaining the subpoena and in holding the documents, the Attorney General acted as the grand jury's agent. *See Marston's, Inc. v. Strand,* 114 Ariz. 260, 263, 265, 560 P.2d 778, 781, 783 (1977). The grand jury proceeding includes the preliminary review and investigation by the grand jury's agent,· the prosecutor. *See id.* at 265, 560 P.2d at 783 (grand jury necessarily utilizes others to analyze and review corporate records); *see also People v. Tynan,* 701 P.2d 80, 82 (Colo.App.1984) ("even if the records [obtained by investigators for the grand jury] had not been presented to the grand jury, they were obtained as a direct result of grand jury activities, and were grand jury records subject to the statutory requirements of secrecy ...").

The public policy reasons for grand jury confidentiality apply to the case in which the grand jury does not review the material, as well as to those cases in which the grand jury reviews it and returns a "no bill," i.e. no indictment, or a "true bill," i.e. an indictment. Confidentiality promotes three goals. First, it insulates the grand jury process from public pressure. Second, it protects witnesses, targets of investigation and others from negative publicity. Third, it encourages prospective witnesses to come forward and testify fully and frankly by ensuring that those against whom they testify will be unaware of the testimony. *See McClatchy Newspapers v. Superior Court,* 44 Cal.3d 1162, 245 Cal. Rptr. 774, 780–81, 751 P.2d 1329, 1335

(1988).[3] Public scrutiny of the grand jury's failure to review a matter which had been preliminarily investigated might influence the grand jury just as much as public exposure of its decision to return no indictments. And persons named in documents preliminarily reviewed by the prosecutor but not presented to the grand jury are as much entitled to protection as those not accused after grand jury review and return of a no bill. Finally, Samaritan and others whose assistance is sought in the preliminary investigative phase might be less cooperative if secrecy could not be assured. As the United States Supreme Court has said, "We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979).

In summary, Samaritan's records are matters attending the grand jury proceeding and therefore are entitled to the confidentiality afforded by the legislature. For that reason, we granted relief from the superior court's order that these documents be disclosed.

GRANT, P.J., and McGREGOR, J., concur.

---

3. We note that California, from which our public records act was adopted, does not expose grand jury materials to public scrutiny under its version of the act. In light of the ban on release of grand jury information except in specific circumstances, the California Supreme Court affirmed a superior court order forbidding the grand jury from releasing documents related to a "public watchdog" report by the grand jury. *McClatchy Newspapers,* 245 Cal.Rptr. at 774, 751 P.2d at 1329. The public records act did not override grand jury secrecy, the court held, for two reasons. First, the grand jury was a "judicial agency," and such agencies are exempt from disclosure under the California statute. 245 Cal.Rptr. at 786–87, 751 P.2d at 1341. Second, "the important public interests requiring [the grand jury's] institutional secrecy persuade us that the Legislature must have intended the grand jury to be similarly exempted from the Act's provisions." *Id.*