## In re BLUE RIBBON FROZEN FOOD CORPORATION et al.

### Civ. No. N–76–171.

United States District Court,
D. Connecticut.

May 21, 1976.

H. William Shure, New Haven, for petitioner.

Donald T. Bucklin, Truitt, Fabrikant, Bucklin & Lenzner, Washington, D. C., for respondents.

## RULING ON APPLICATION FOR ACCESS TO SUBPOENAED DOCUMENTS

NEWMAN, District Judge.

The Committee on Government Operations of the United States Senate seeks an order granting it access to documents presently held under subpoena by the Federal Grand Jury at New Haven. That Committee's Subcommittee on Federal Spending Practices, Efficiency and Open Government is investigating the sale of meat products by Blue Ribbon Frozen Food Corp. and G & G Packing Co. to agencies of the United States Department of Defense.

Senate Resolution 49, § 7, 94th Cong., 1st Sess. (1975), empowered the Senate Committee on Government Operations to conduct an investigation of "the efficiency and economy of operations of all branches of the Government with respect to—(1) Federal spending practices, particularly Federal procurement. . . ." The Subcommittee's inquiry into military procurement of meat products was undertaken pursuant to this resolution. The Subcommittee is given the power to subpoena documents such as those in question here by 2 U.S.C. § 190b(a). In September, 1975, the Subcommittee issued subpoenas for documents held by the two companies, and in October, 1975, counsel for the companies moved to quash those subpoenas. The motions to quash have never been ruled on by the Subcommittee. In February, 1976, the Federal Grand Jury in New Haven subpoenaed the same documents sought by the 1975 Senate subpoenas. The companies moved to quash the Grand Jury subpoenas, this Court denied that motion, and the documents were subsequently turned over to the Grand Jury in whose custody they remain. The Subcommittee now seeks an order from this Court granting it access to the documents held by the Grand Jury.

This is not a case in which a party has come to court seeking to quash a congressional subpoena to resist giving documents or testimony to a congressional committee. See *In re Motion to Quash Subpoenas and Vacate Service,* 146 F.Supp. 792, 794 (W.D. Pa.1956). Nor is it a case in which a party seeks to defend contempt of Congress charges for having failed to produce subpoenaed material. See *Gojack v. United States,* 384 U.S. 702, 86 S.Ct. 1689, 16 L.Ed.2d 870 (1966); *United States v. Rumely,* 345 U.S. 41, 73 S.Ct. 543, 97 L.Ed. 770 (1953). The initial question in this application is whether the Committee, having taken no action to enforce its Subcommittee's subpoena, can at this point obtain a court order to reach documents held by the Grand Jury. The Assistant United States Attorney, conducting the Grand Jury inquiry, has represented that the companies will be permitted access to their own documents in order to make copies available to the Subcommittee in the event it chooses to enforce its subpoena.

A grand jury "has the dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions." *Branzburg v. Hayes,* 408 U.S. 665, 686–87, 92 S.Ct. 2646, 2659, 33 L.Ed.2d 626, 643 (1972), and to perform its function it is accorded broad investigatory powers. *Blair v. United States,* 250 U.S. 273, 282, 39 S.Ct. 468, 471, 63 L.Ed. 979, 983 (1919); *In re Subpoena to Nixon,* 360 F.Supp. 1, 6–7 (D.D.C. 1973). The venerable policy of grand jury secrecy, now embodied in Fed.R.Crim.P. 6(e), is a vital corollary of these vast powers, protecting the grand jury, the government, witnesses, and persons under investigation from embarrassment and calumny. *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); *United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); *In re Biaggi,* 478 F.2d 489, 491–92 (2d Cir. 1973). Proceedings and investigations of a grand jury are normally kept secret. Rule 6(e) directs that an application be made to the court when a party seeks disclosure of such matters. Disclosure rests in the discretion of the trial judge, provided the party seeking disclosure overcomes the initial hurdle of demonstrating that one of the exceptions to Rule 6(e)

applies.[1] *United States v. Procter & Gamble Co.,* 356 U.S. 677, 683, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077, 1082 (1958); *In re Grand Jury Proceedings,* 309 F.2d 440, 444 (3d Cir. 1962). Disclosure beyond the exceptions of Rule 6(e) is of uncertain scope. *Pittsburgh Plate Glass Co. v. United States, supra; In re Biaggi, supra; In re Report & Recommendation of June 5, 1972 Grand Jury,* 370 F.Supp. 1219 (D.D.C.1974).

 It is against this background that the Senate Committee's application to this Court must be judged. In the present controversy, there is no evidence that its Subcommittee has adjudicated the validity of its own subpoenas. *Cf. Yellin v. United States,* 374 U.S. 109, 110–24, 83 S.Ct. 1828, 1830–37, 10 L.Ed.2d 778, 782–89 (1963); *Christoffel v. United States,* 338 U.S. 84, 69 S.Ct. 1447, 93 L.Ed. 1826 (1949). Nor is it clear whether the Subcommittee has made an explicit decision not to rule on the companies' motion to quash or has simply not yet considered the merits of the companies' motion. The companies' challenge to the Subcommittee's right to obtain the documents remains in limbo. There is not even in the record evidence that the Committee has authorized this Court application. A court asked to rule on the merits of this attempt to pierce the Grand Jury's veil of secrecy should first be certain that the Committee has authorized the application, that it believes that it has some right to obtain these documents in this fashion, and that it has either been unable to obtain the documents by congressional subpoena or made a determination to seek a court order despite the utility of its own process. *Cf. Shelton v. United States,* 117 U.S.App.D.C. 155, 327 F.2d 601, 607 (1963). It may be that the Congressional Branch is entitled to seek judicial assistance in obtaining documents from a grand jury despite non-compliance with the subpoena standards and procedures of one of its committees. But a court should not make a ruling that such non-compliance can be excused until it is clear that the Congressional Branch explicitly wishes to put such a broad assertion of power to the test of a court ruling. Familiar considerations of judicial restraint dictate that the Court not assume the intentions of the Subcommittee nor adjudicate novel issues implicating sensitive separation of powers considerations until some more substantial showing of informed action by the Subcommittee and the Committee is presented. See *Flast v. Cohen,* 392 U.S. 83, 94–97, 88 S.Ct. 1942, 1949–51, 20 L.Ed.2d 947, 958–60 (1968); see also *Pittsburgh Plate Glass Co. v. United States, supra,* 360 U.S. at 400–01, 79 S.Ct. at 1241–42, 3 L.Ed.2d at 1327–28.

Accordingly, the application is dismissed without prejudice to renewal after the Committee has placed before the Court some documentation to reflect what its Subcommittee intends to do with respect to the pending attack on the Subcommittee's subpoena and what authority the full Committee believes it is exercising in seeking the documents from the Grand Jury in the absence of a resolution of the issues raised by the challenge to its Subcommittee's subpoena.

---

1. Rule 6(e) provides in relevant part:

Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.