UNITED STATES of America, Plaintiff,

v.

WHITE READY–MIX CONCRETE CO.
et al., Defendants.

No. CR 77–228.

United States District Court,
N. D. Ohio, E. D.

March 22, 1978.

Diane Rubin Williams, Cleveland, Ohio, for plaintiff.

Gary L. Eby, Stanley M. Fisher, John F. McClatchey, Gerald A. Messerman, Eric M. Oakley, Louis Paisley, Cleveland, Ohio, John D. Pincura, III, Lorain, Ohio, David A. Schaefer, Maynard F. Thomson, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

This criminal action is based upon a grand jury indictment filed October 5, 1977 alleging that beginning at least as early as 1972 and continuing thereafter at least until December 20, 1974, the exact dates being unknown to the Grand Jurors, the defendants and co-conspirators engaged in a combination and conspiracy in unreasonable restraint of interstate trade and commerce in relation to the production and sale of "ready-mix concrete." Ready-mix concrete is a mixture of cement and other materials, such as sand, stone, water, and, at times, additives. The offense charged is violation of Section 1 of the Sherman Act, as amended prior to December 21, 1974 (15 U.S.C. § 1).

Three defendant corporations have each separately moved, pursuant to Rule 16(a)(1)(A), Fed.R.Crim.P., to compel the production of the transcripts of certain grand jury testimony. Rule 16(a)(1)(A) states, in pertinent part:

> Where the defendant is a corporation, partnership, association or labor union, the court may grant the defendant, upon its motion, discovery of relevant recorded testimony of any witness before a grand jury who (1) was, at the time of his testimony, so situated as an officer or employee as to have been able legally to bind the defendant in respect to conduct constituting the offense, or (2) was, at the time of the offense, personally involved in the alleged conduct constituting the offense and so situated as an officer or employee as to have been able legally to bind the defendant in respect to that alleged conduct in which he was involved.

Defendant Balsam Corporation has moved to compel the transcripts of the grand jury testimony of Ballard W. Vincent, president of Balsam Corporation, and John D. Walls, vice president of Balsam Corporation. Neither Ballard W. Vincent nor John D. Walls are defendants in this action.

Defendant Buckeye Concrete Co. has moved to compel the transcripts of the grand jury testimony of any witness that may have appeared who satisfies the prerequisites of Rule 16(a)(1)(A), Fed.R.Crim.P.

Defendant Terminal Ready-Mix, Inc., has moved to compel the transcripts of the grand jury testimony of Charles A. Chevalier, retired general manager of Terminal Ready-Mix, Inc., and Sam Falbo Sr., retired president of Terminal Ready-Mix, Inc. Neither Charles A. Chevalier nor Sam Falbo Sr. are defendants in this action.

 Without a doubt, as a general proposition of law, the Court may, where defendant is an organization, grant the defendant discovery of the grand jury transcript of the testimony of any witness who either was, at the time that he testified, able to legally bind the defendant to conduct constituting the offense or who was, at the time of the offense, personally involved in the alleged conduct constituting the offense and able to legally bind the defendant organization thereto. *United States v. Tobin Packing Co., Inc.*, 362 F.Supp. 1127 (N.D.N.Y.1973); *United States v. Bally Manufacturing Corporation*, 345 F.Supp. 410 (E.D.La.1972); *United States v. Deardorff*, 343 F.Supp. 1033 (S.D.N.Y.1971). However, it must be kept in mind that in amending Rule 16 of the Federal Criminal Rules in 1974, Congress was very aware of the semantic difference in the use of the words "shall" and "may." In 1974 Congress expressly substituted the word "shall" for the word "may" in the first portion of Rule 16(a)(1)(A) [1] in an effort to liberalize discovery generally under Rule 16(a)(1)(A) by eliminating the element of discretion implied by the term "may." *Notes of Advisory Committee on Rules*, 1974 Amendment, Rule 16, Fed.R.Crim.P., U.S.C.A. Nonetheless, the wording of Rule 16(a)(1)(A) deliberately incorporated the word "may" in reference to production of grand jury testimony. It is clear Congress intended to allow the Court to retain its discretion in determining whether to permit production of grand jury testimony to a defendant organization where the minimal requirements for such production under Rule 16(a)(1)(A) are met.[2]

 Any exercise of the Court's discretion in permitting production of grand jury testimony to a defendant organization under Rule 16(a)(1)(A) must necessarily consider the import of the provisions of Rule 6(e). Rule 6(e) of the Federal Rules of Criminal Procedure states in pertinent part:

[A] juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.

In exercising sound discretion in reconciling the two rules, the Court must consider whether the movant organizations have demonstrated a particularized need overriding the general policy of grand jury secrecy. *In re September 1975 Grand Jury Term*, 532 F.2d 734 (10th Cir. 1976); *In re Blue Ribbon Frozen Food Corp.*, 414 F.Supp. 399 (D.Conn.1976); *In re Grand Jury Investigation*, 414 F.Supp. 74 (S.D.N.Y.1976); *United States v. Leo*, 406 F.Supp. 1174 (E.D.Wis. 1976).

 The policy of grand jury secrecy is a vital corollary of the vast investigative powers accorded a grand jury, for such se-

---

1. The portion of Rule 16(a)(1)(A) amended in 1974 to include the word "shall" refers to general discovery by a defendant of matters other than those relating to a defendant organization seeking grand jury testimony. The general discovery provisions of Rule 16(a)(1)(A) are inapplicable in the instant case.

2. Such an interpretation of the use of the word "may" in Rule 16(a)(1)(A) in reference to production of grand jury testimony to defendant organizations is also consistent with the general rule that words in statutes should be given their normal and expected meaning. *First National Bank v. Hasty*, 415 F.Supp. 170 (E.D. Mich.1976).

crecy protects the grand jury, the government, witnesses, and persons under investigation from embarrassment and calumny. *In re Blue Ribbon Frozen Food Corp., supra.* The secrecy of grand jury proceedings prevents subornation of perjury or tampering with witnesses who may testify before a jury and later appear at trial, encourages free and untrammeled disclosures by persons who have information with respect to the commission of a crime, protects the innocent accused who is exonerated from disclosure of fact that he has been under investigation, and protects the innocent accused from the expense of standing trial where there is no probability of guilt. *In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. 464 (E.D.Pa.1971).

There is no doubt that in amending Rule 16 to permit organizations to discover certain grand jury testimony, Congress gave serious consideration to the balance of rights between individual employees and defendant organizations. *Conference Committee Notes, House Report No. 94–414*, U.S.Code Cong. & Admin.News 1975, pp. 674, 715–716, Rule 16, Fed.R.Crim.P., U.S. C.A.[3] Yet in exercising its discretion in balancing those same rights in the instant case the Court may be handicapped by a lack of all relevant information.

Four of the witnesses whose grand jury testimony is sought are not parties to this action. Even if defendant organizations were able to technically satisfy the requirements of Rule 16(a)(1)(A), and even if the government were willing to produce the testimony sought, this Court, in ordering production of the testimony solely on that basis, would do so without the input of those witnesses who gave that testimony.

The Court is of the view that it is the better practice, in exercising its discretion under Rule 16(a)(1)(A) in relation to grand jury testimony of employees of an organization, to require the movants seeking production to notify all non-party witnesses that their testimony is being sought. Such non-party witnesses should be permitted to object to production of this testimony. Appearance by such witnesses is essential to give the Court an understanding of the totality of the circumstances surrounding their testimony. Absent participation of these witnesses, the Court could arguably have less than adequate input on which to premise exercise of its discretion under Rule 16(a)(1)(A), Fed.R.Crim.P.

Further, the provisions of Rule 16(d)(1), Fed.R.Crim.P., stating in pertinent part that "upon a sufficient showing the court may at any time order that the discovery or

**3.** These Conference Committee Notes address the balancing of the rights of an individual employee and the rights of a defendant organization in relation to Rule 16(a)(1)(A) in the following discussion:

The Conferees share a concern that during investigations, ex-employees and ex-officers of potential corporate defendants are a critical source of information regarding activities of their former corporate employers. It is not unusual that, at the time of their testimony or interview, these persons may have interests which are substantially adverse to or divergent from the putative corporate defendant. It is also not unusual that such individuals, though no longer sharing a community of interest with the corporation, may nevertheless be subject to pressure from their former employers. Such pressure may derive from the fact that the ex-employees or ex-officers have remained in the same industry or a related industry, are employed by competitors, suppliers, or customers of their former employers, or have pension or other deferred compensation arrangements with former employers.

The Conferees also recognize that considerations of fairness require that a defendant corporation or other legal entity be entitled to the grand jury testimony of a former officer or employee if that person was personally involved in the conduct constituting the offense and was able legally to bind the defendant in respect to the conduct in which he was involved.

The Conferees decided that, on balance, a defendant organization should not be entitled to the relevant grand jury testimony of a former officer or employee in every instance. However, a defendant organization should be entitled to it if the former officer or employee was personally involved in the alleged conduct constituting the offense and was so situated as to have been able legally to bind the defendant in respect to the alleged conduct. The Conferees note that, even in those situations where the rule provides for disclosure of the testimony, the Government may, upon a sufficient showing, obtain a protective or modifying order pursuant to Rule 16(d)(1).

inspection be denied, restricted, or deferred, or to make such other order as is appropriate," should be construed as permitting non-party witnesses whose grand jury testimony is sought to make such a showing.[4]

■ The Court is mindful of the fact that where an officer of an organization gives testimony under circumstances covered by Rule 16(a)(1)(A), the testimony is conceptually that of the organization itself and ordinarily properly discoverable. Yet, this does not preclude the Court's consideration of the concerns of the witness in relation to such discovery in exercising its discretion under Rule 16(a)(1)(A) and under Rule 16(d)(1).

■ An employee testifying before a grand jury is not only providing testimony of a corporation, partnership, association or labor union arguably discoverable by such a defendant organization under Rule 16(a)(1)(A), but is also testifying on his own behalf. Neither the government nor a defendant organization necessarily have interests co-extensive with those of an individual non-party grand jury witness. Permitting production of grand jury testimony of such a witness, without allowing the witness an opportunity to make a sufficient showing as to why discovery of the testimony should be denied or restricted, inherently defies the very concept of grand jury secrecy. The shroud of secrecy surrounding grand jury testimony is only partially lifted when a defendant organization seeks to discover "its own" statements. A complete unveiling is only appropriate where the Court has the opportunity to balance the individual concerns of the testifying witness against the propriety of discoverability and against the particularized need of a defendant organization for the testimony.

The grand jury as a public institution serving the community might well suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow. *Corona Construction Co. v. Ampress Brick Co., Inc.*, 376 F.Supp. 598 (N.D.Ill. 1974). For all of the above reasons, the Court rules as follows regarding each of defendant's motions.[5]

The Court defers ruling on Balsam Corporation's and Terminal Ready-Mix, Inc.'s motions and directs each of these defendants to serve each of the witnesses whose testimony they seek with a copy of this motion and with a copy of this order. These motions will be scheduled for further hearing with the witnesses or their counsel being given an opportunity to be heard.

The Court directs the government to provide defendant Buckeye Concrete Co. with the names of any grand jury witnesses arguably satisfying the requisites of Rule 16(a)(1)(A), and directs defendant Buckeye Concrete Co. to serve each witness whose testimony it seeks with a copy of its motion and with a copy of this order. Should the government provide defendant Buckeye Concrete Co. with any such names, this motion will be scheduled for further hearing with any witnesses or their counsel being given an opportunity to be heard.

IT IS SO ORDERED.

---

4. It should be noted that the Conference Committee Notes set forth in Footnote 3 clearly anticipate the potential applicability of the restrictive provisions of Rule 16(d)(1) to otherwise produceable grand jury testimony constituting an organization's "own" testimony under Rule 16(a)(1)(A). Such an interpretation appears appropriate. Further, the committee report should be given deference in statutory construction. *Crown Central Petroleum Corporation v. Federal Energy Administration*, 542 F.2d 69 (Em.App.1976).

5. It should be noted that the government's only objections to Balsam Corporation's motion and Terminal Ready-Mix, Inc.'s motion were in relation to possible conflict of interest issues. It is the understanding of the Court that all defendants subject to representation by counsel with possible conflicts of interest have agreed to waive any right to be represented by counsel who does not represent another defendant in this action. The above ruling on Balsam's and Terminal's motions is subject to execution of all such waivers.