UNITED STATES of America, Plaintiff,

v.

WHITE READY–MIX CONCRETE CO.
et al., Defendants.

No. CR 77–228.

United States District Court,
N. D. Ohio, E. D.

Jan. 22, 1981.

Jack Schulman, Schulman & Schulman, Cleveland, Ohio, Robert D. Gary, Lorain, Ohio, Joseph C. Domiano, Cleveland, Ohio, for plaintiff.

John A. Weedon, Chief of the Antitrust Division, Dept. of Justice, George Lutjen, Davis & Young, Cleveland, Ohio, John D. Pincura, Lorain, Ohio, David R. Melincoff, O'Connor & Hannan, Washington, D.C., Gerald A. Messerman, John F. McClatchey, Thompson, Hine & Flory, Cleveland, Ohio, Phillip A. Proger, Baker & Hostetler, Washington, D.C., James M. Wilsman, Parks, Eisele, Bates & Wilsman, Maynard F. Thomson, Jones, Day, Reavis & Pogue, James M. Porter, Squire, Sanders & Dempsey, Cleveland, Ohio, David J. Persons, George F. Persons, Elyria, Ohio, for defendants.

LAMBROS, District Judge.

Before this Court is a petition by plaintiffs in a pending civil antitrust case, *Elbert v. White Ready-Mix Concrete, Inc.*, C 76–445 (N.D.Ohio), seeking production of grand jury transcripts and other materials that resulted in indictments against seven corporations and five individuals charging them with a conspiracy to fix the price of ready-mix concrete in Lorain County, Ohio, from 1972 through 1974. All of the corporate and individual defendants were found guilty as charged upon this Court's acceptance of their pleas of *nolo contendere*, and final judgment has been entered concluding all criminal litigation flowing from that grand jury investigation.

Petitioners' civil action charges that the seven corporations named in the criminal indictment—White Ready-Mix Concrete Co., West Side Lumber and Concrete Corp., Terminal Ready-Mix, Inc., Medina Supply Company, Consumers Builders Supply Company, Buckeye Concrete Co., and Balsam Corp.—as well as two unindicted co-conspirators—Hull Coal and Builders Supply Com-

pany and Westview Concrete Company—and another company which was not the subject of the grand jury investigation, conspired to fix the prices of ready-mix concrete and hard building materials in Lorain County and contiguous areas from 1968–1975. It appears that the petitioners have served interrogatories upon all the corporate defendants seeking to discover their knowledge of the formulation, implementation and concealment of the price-fixing arrangements. It further appears that the corporations have either answered in a manner that might be inconsistent with disclosures made before the grand jury, or have responded that officers and employees who might have such knowledge have refused to answer based on a fifth amendment privilege.

The petitioners herein have not sought an order from the Judge presiding over their case to compel these answers, and apparently have not sought to depose the individual officers or employees who would possess such information. Rather, they have petitioned this Court for an order directing the Department of Justice, Antitrust Division, to produce for copying and inspection:

1. All transcripts of testimony by present and former officers and employees of corporate defendants and unindicted corporate co-conspirators before the grand jury which produced the indictments in this case;

2. All subpoenas issued by the grand jury which produced the indictments in this case;

3. All documents produced voluntarily or pursuant to grand jury subpoena by corporate defendants and/or unindicted corporate co-conspirators and/or the present or former officers of either;

4. All written statements of Samuel B. Walls.

Because of the strong policy of keeping grand jury proceedings secret, *see* Fed.R. Crim.Pro. 6(e); *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681, 78 S.Ct. 983, 985, 2 L.Ed.2d 1077 (1958), the United States Supreme Court has developed the

standard that "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). Petitioners assert that their need for these transcripts demonstrably outweighs the public interest in nondisclosure.

First, they assert that since the criminal proceedings flowing from the grand jury investigation have been terminated, there is little reason for keeping the transcripts clothed in secrecy except to protect the grand jury witnesses from retaliation, lest witnesses before future grand juries be inhibited by the knowledge "that the secrecy of their testimony [may] be lifted tomorrow." *United States v. Procter & Gamble Co.*, 356 U.S. at 682, 78 S.Ct. at 986 (1958). They ask that this Court follow the lead of the Seventh Circuit, which has held that

> [i]n an antitrust context, the force of this reason is considerably diminished by the disclosure pursuant to Rule 16(a)(1)(A) to the witness' corporate employer, who has greater incentive and power to retaliate than anyone else. Once the employer has the transcript, all that remains of the reason for secrecy is the need to protect the witness, to the extent it is still possible to do so, from potential adverse effects on his future relationships with members of the industry other than his employer. This residual need cannot be dismissed as unworthy of consideration, . . . but it can be adequately dealt with by a protective order.

*State of Illinois v. Sarbaugh*, 552 F.2d 768, 775 (7th Cir.), *cert. denied sub nom J. L. Simmons Co. v. Illinois*, 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977). The petitioners further allege that inasmuch as the officers and employees of the corporate defendants as well as the corporate defendants themselves were represented by the same attorneys before the grand jury and in the pending civil case there is no need for even so much as a protective order since the employees are the alter egos of the corporations and there is no possibility of retaliation.

This Court finds that it would be inappropriate to apply the *Sarbaugh* rationale in this case. *Sarbaugh* was premised on the fact that the corporate employer already had copies of the transcripts and the witnesses whose grand jury testimony was sought were already scheduled to testify on those matters either by deposition or at trial. This is in contrast to the instant case where this Court has refused to release the transcripts of certain officers and employees to the corporate defendants in recognition of the fact that an employee-witness in a grand jury investigation does not necessarily have interests co-extensive with those of the corporation and that the shroud of secrecy surrounding grand jury testimony should not be lightly lifted. *United States v. White Ready-Mix Concrete Co.*, 449 F.Supp. 808, 812 (N.D.Ohio 1978). Thus disclosure of grand jury testimony to a corporate defendant does not dispense with the need for secrecy, but only lessens it. Given that in this case there has been no disclosure to the corporation, petitioners have not persuaded this Court why it should not have a heightened concern as to the future consequences of frank and full testimony where the witness is an employee of a company under investigation. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. at 222, 99 S.Ct. at 1674.

Furthermore, petitioners have not adequately demonstrated that their need for disclosure is greater than the public policy in favor of continued secrecy. It does not appear that they have scheduled the individuals whose transcripts are sought for depositions. Rather, they seek the grand jury testimony on the basis of what they consider inadequate answers to interrogatories directed to the corporate defendants during the pendency of the criminal proceedings. This failure to follow the traditional discovery route belies petitioners' claim of compelling necessity for disclosure of the transcripts. *See In the Matter of Grand Jury Which Presented Criminal Indictments*, 469 F.Supp. 666, 670 (M.D.Pa. 1978). Likewise, their prayer for "all tran-

scripts of testimony by present and former officers of corporate defendants and unindicted co-conspirators ..." does not comport with the requirement of *Petrol Stops* that a request be "structured to cover only material so needed." Such a wholesale request prior to any meaningful efforts at civil discovery fails to convince this Court that the petitioners must have access to traditionally secret transcripts in order to prevent a miscarriage of justice.

Petitioners also seek "all subpoenas issued by the grand jury" in order that they might ascertain the names of the participants in the price-fixing conspiracy, alleging that these subpoenas are not "matters occurring before the grand jury" within the meaning of Rule 6(e). However, the cases upon which petitioners rely are factually distinguishable from the case at bar. *In re Cement-Concrete Block Chicago Area Grand Jury Proceedings*, 1974–1 Trade Cas. ¶ 75,131 (N.D.Ill.1974) concerned a local criminal rule, since modified, permitting disclosure by order of the chief judge of the district. In both *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52 (2d Cir. 1960), and *In re Grand Jury Investigation of Uranium Industry*, 1978–2 Trade Cas. ¶ 62,329 (D.D.C.1978), the decision of the court was based upon a determination that the party seeking discovery of the grand jury subpoenas did not seek them in order to learn what occurred before the grand jury.

The weight of authority holds that witnesses' names *are* matters occurring before the grand jury and are so entitled to secrecy for the same reasons and on the same basis as transcripts of testimony. *See Application of State of California to Inspect Grand Jury Subpoenas*, 195 F.Supp. 37 (E.D.Pa.1961). Again, petitioners have not pursued civil discovery in order to obtain the information they seek, nor have they demonstrated how the release of the names of *all* those who testified is tailored so as to avoid the inevitable chilling effect that disclosure of a grand jury investigation may bring. As with their request for the transcripts, petitioners have failed to establish that their need for the subpoenas is greater than the need for continuing secrecy.

Since the filing of this petition, a final judgment has been entered in the criminal proceedings, and the Antitrust Division has notified this Court that the documents produced for the grand jury and sought by the petitioners are now available to be returned to the producing parties. However, the Antitrust Division will not return these documents until this petition has been ruled upon. It is therefore the order of this Court that the documents sought may be released to the producing parties and that the petitioners may seek access to them in accordance with the procedures encompassed in civil discovery.

Concerning petitioners' request for all written statements made by Samuel B. Walls, the Antitrust Division has informed this Court that Mr. Walls has made no written statements other than affidavits attesting to compliance with subpoenas duces tecum issued to the corporation with which he is affiliated.

Petitioners' request for transcripts and for subpoenas is hereby denied.

IT IS SO ORDERED.