### In re WIREBOUND BOXES ANTITRUST LITIGATION.

**This document relates to: All Cases.**

**Master File No. MDL–793.**

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 26, 1990.

See also 128 F.R.D. 268.

Margaret H. Chutich, Opperman, Heins & Paquin, Minneapolis, Minn., for plaintiffs.

Anne V. Simonett, Faegre & Benson, Richard G. Braman, Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, Minn., and Wayne Faris, Oppenheimer, Wolff & Donnelly, St. Paul, Minn., for defendants.

## MEMORANDUM OPINION AND ORDER 19

DIANA E. MURPHY, District Judge.

Plaintiffs have moved the court to compel responses by various defendants to the First Set of Interrogatories on Behalf of All Plaintiffs and to the First Set of Document Requests on Behalf of All Plaintiffs, initially served in June, 1989. Upon completion of the Local Rule 4(E) process, the remaining disputes are presented to the court by plaintiffs' motion:

1. The production of a "privilege log" identifying the documents withheld on

privilege grounds by defendants General Box Co., Great American Box Co., Martin Bros. Container & Timber Products Corp., and Wisconsin Box Co.

2. The production of a detailed description of any investigation relating to any possible or alleged violations of antitrust policies by defendants General Box Co., Great American Box Co., Martin Bros. Container & Timber Products Corp., and Wisconsin Box Co.

3. The production of the names of any witnesses who gave testimony in connection with a grand jury investigation of the marketing of wirebound boxes and related information regarding that testimony by defendants General Box Co., Great American Box Co., Martin Bros. Container & Timber Products Corp., and Wisconsin Box Co.

4. The production of documents relating to the supply and demand of wirebound boxes by defendant Little Rock Crate & Basket Co.

5. The production of certain financial information by defendants Little Rock Crate & Basket Co., General Box Co., and Georgia Pacific Corp.

Defendant Little Rock has also moved for production of financial information by plaintiffs.

Defendants American Box Co., Altamil Corp., Chicago Mill & Lumber Co., General Box Co., Great American Box Co., Martin Bros. Container & Timber Products Corp., and Wisconsin Box Co. have filed a joint brief in opposition to the first three discovery requests listed above.[1] Defendants' primary objection to production of the requested information is based on the notion of grand jury secrecy, previously considered by this court in Order 14. In Order 14, this court ruled documents "created by a grand jury or at a grand jury's request, such as subpoenas, transcripts, and lists of documents" were protected from discovery absent a showing of "particularized need"

by plaintiffs. *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222–23, 99 S.Ct. 1667, 1674–75, 60 L.Ed.2d 156 (1979).

The court granted plaintiffs' motion to compel the production of "all documents which [defendants] created independently from any government investigation and which they submitted to the United States Department of Justice or any grand jury in the course of an investigation of the wirebound box industry," reasoning that private actors such as the defendants herein may refuse to produce on grand jury secrecy grounds only those documents "which most clearly disclose the grand jury's actions."

Defendants now urge the court to refuse plaintiffs' request for production of a standard "privilege log," which includes a list and description of documents withheld on the grounds of privilege, as well as a statement of the factual basis for each claim of privilege, on the ground that the log "would give plaintiffs a blueprint of the entire grand jury investigation." Defendants contend plaintiffs' request for a privilege log (a) should be submitted pursuant to Fed.R.Crim.P. 6(e)(3)(D) to the United States District Court for the Northern District of Ohio where the grand jury was convened and (b) should in any event be denied because plaintiffs have failed to show any "particularized need" for the list.

■ Defendants misapprehend both the requirements of Fed.R.Crim.P. 6(e) and the appropriate standards for review of plaintiffs' "privilege log" request. Rule 6(e)(3)(C)(i) permits disclosure of matters otherwise protected by the Rule when so directed by a court. Subdivision (D), cited by defendants, provides that a petition for disclosure should initially be filed in the district where the grand jury convened *when disclosure pursuant to Rule 6(e)(3)(C)(i) is sought.* Plaintiffs are not

---

1. Because defendants American Box Co., Altamil Corp. and Chicago Mill & Lumber Co. have responded to plaintiffs' discovery requests by indicating they lack sufficient information to respond (all three are no longer in the wirebound box business), it is the court's understanding that plaintiffs' motion is primarily directed at the remaining four defendants, each of which has refused to respond to the interrogatories on the grounds identified in the joint memorandum.

seeking disclosure of materials in the possession of the government relating to the grand jury. They simply seek from defendants a list of documents withheld in connection with this civil antitrust case on grounds of attorney-client or other privilege. The provisions of Rule 6(e)(3)(D) thus do not apply to plaintiffs' privilege log request, which is properly brought before this court for decision.[2]

■ Defendants' contention that Order 14 precludes the discovery of the privilege log is also misplaced. Order 14 required the production of documents given by defendants to the grand jury. While defendants may legitimately withhold documents from plaintiffs on attorney-client privilege grounds, the burden of proving the privilege applies lies squarely with defendants. *See generally* 4 *Moore's Fed.Prac. & Pro.* para. 26.60 at 26–188 (1989). A general allegation of privilege is insufficient to satisfy defendants' burden: defendants must provide enough information to enable a court to determine the facts which support the claim of privilege. *Id. See, e.g., Bulk Lift International, Inc. v. Flexcon & Systems, Inc.,* 122 F.R.D. 482, 490 (W.D.La. 1988); *Nutmeg Insurance Co. v. Atwell, Vogel & Sterling,* 120 F.R.D. 504, 510 (W.D.La.1988).

Defendants have failed to propose any alternative mechanism for testing their broad claims of privilege. Defendants' position, in essence, is because there was a grand jury investigation they are entitled to rely simply upon a blanket claim of privilege. They have cited no authority in support of this proposition, while plaintiffs have cited cases which hold that "questions designed to elicit the existence or identity of documents or the parties to a communication do not call for protected information; only when the actual content of the communication is requested could the issue of privilege, or here secrecy, arise." *In re Shopping Carts Antitrust Litigation,* 95 F.R.D. 299, 304 (S.D.N.Y.1982). *See id.* at 305–06.

Defendants have made the same broad privilege objection to producing information requested by plaintiffs regarding any internal investigations of possible antitrust violations. Defendants Martin Bros. and General Box have provided no information either by way of verified response or in the joint 4(E) statements filed with the court concerning whether any such investigation was even conducted. Defendants Wisconsin Box and Great American Box have also provided no verified responses to plaintiffs' request, but have asserted in the 4(E) statements filed with the court that "any such investigation, if any, was conducted by counsel" (Great American Box) or that any investigation "was conducted by counsel in conjunction with the grand jury investigation" (Wisconsin Box).

■ This court agrees that the details of an investigation conducted by counsel, confined to private interviews with employees, and maintained in confidence are privileged. *Commonwealth of Massachusetts v. First National Supermarkets, Inc.,* 112 F.R.D. 149, 152 (D.Mass.1986). But defendants must meet their burden of producing sufficient information from which the court can judge whether the privilege applies. The *Commonwealth* Court refused to order a defendant to supply the *details* of an internal investigation when the defendant had filed a verified response indicating an internal investigation had been conducted by a particular law firm and the attorney who performed the investigation had filed an affidavit stating he conducted private interviews with employees and disclosed the results of those interviews only to the defendant. *See id.* at 151.

The court finds defendants should produce enough information in response to both interrogatory 25 and interrogatory 17 to justify the claim of privilege. If, as defendants contend, the documents withheld on grounds of privilege pertain to advice on grand jury-related matters, a general statement to this effect, along with the names, date, and distribution of each

---

**2.** The argument presented by defendants General Box Co. and Wisconsin Box Co. that an order by the Ohio court precludes them from complying with plaintiffs' request is equally without merit. *See* Order 14.

document may well prove sufficient. Similarily, if defendants provide information like that supplied in *Commonwealth* concerning any internal investigation, they will have provided an adequate factual basis to support their general assertions of privilege.

■ Defendants also assert the protection of grand jury secrecy as a reason for refusing to respond to plaintiffs' interrogatory 15(c), which requests a list of individuals who have testified before the grand jury or who have spoken with government counsel in connection with an investigation of the marketing of wirebound boxes. In addition to the names, interrogatory 15(c) requests other identifying information, including the date of the testimony, whether the testimony was pursuant to subpoena, whether it was given under a grant of immunity, whether it was oral or written, the identity of all persons present when the testimony was given, and whether the testimony was transcribed. Defendants have further refused to identify each person who was informed of any grand jury testimony and any notes that were made in connection with the testimony in response to interrogatory 15(d). Finally, defendants refuse to answer interrogatory 15(f), which asks defendants to (1) identify each person having knowledge of any testimony, (2) identify all documents relating to such testimony, and (3) state in detail the substance of each person's knowledge.

Plaintiffs have noticed 30 depositions, several of which have already taken place. Witnesses for defendants are, in the course of their depositions, answering questions as to whether they were a grand jury witness, how many times they testified, when and where that testimony occurred, and what knowledge they had of the existence and dissemination of transcripts and debriefing notes. This, in large part, is the information requested by plaintiffs in interrogatory 15, subparts (c), (d) and (f).

Defendants cite *United States v. White Ready–Mix Concrete Co.*, 509 F.Supp. 747, 750 (N.D.Ohio 1981), in support of their position that they need not provide this information in response to an interrogatory request,[3] but as plaintiffs properly point out, the *White Ready–Mix* case involved a request directed to the government, rather than to defendants themselves. Under similar circumstances, this court has also refused access to *government* files, noting that plaintiffs should pursue civil discovery first. *State of Minnesota v. U.S. Steel Corp.*, 44 F.R.D. 559, 580 n. 28 (D.Minn. 1968). *See White Ready–Mix*, 509 F.Supp. at 750.

In the case relied upon by plaintiffs, *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299 (S.D.N.Y.1982), the court specifically held an interrogatory requesting the names of grand jury witnesses, background information identifying those witnesses, and the date or dates of their appearance "represents a routine inquiry to be directed at defendants in complex antitrust cases," which is approved by the *Manual for Complex Litigation*. *Id.* at 303–04. The *Shopping Carts* court ordered production of these names as well as the names of those interviewed by the government, holding no showing of "particularized need" was required for this information because it did not "violate the policy affecting 'grand jury secrecy.'" *Id.* at 305.

This court agrees with the *Shopping Carts* court that plaintiffs need not make a showing of "particularized need" to obtain the identifying information requested. Production of the names and other identifying information by way of response to the interrogatory, rather than by requiring plaintiffs to solicit this same information by deposition, will facilitate discovery in this matter. Defendants' assertions to the contrary must be rejected. Defendants will be ordered to provide the identifying information requested.[4]

---

**3.** Without waiving any objections, defendant General Box Co. has provided plaintiff with a list of names in response to interrogatory 15(c), although other defendants have refused to answer any part of interrogatory 15.

**4.** To the extent interrogatory 15(f) requests the *substance* of a person's knowledge, however, it falls much closer to an area of protected inquiry. Defendants need not respond at this time to this aspect of interrogatory 15(f).

■ Three other issues have been separately addressed by the parties. The first involves the production of documents by defendant Little Rock relating to the supply and demand of wirebound boxes. The only remaining dispute between the parties concerns the time frame requested: plaintiffs seek such documents from 1960, consistent with their allegation that the conspiracy started in 1960. Little Rock steadfastly maintains it has never been a part of any conspiracy, and has indicated it will move for summary judgment on this basis as soon as the depositions of its principals have been completed.

Little Rock argues the burden of reviewing its records back to 1965, when the company was started, is so great that it should only have to produce documents from 1975, with the caveat that if plaintiffs find some evidence they believe is supportive of their position, Little Rock would search for and produce the documents from 1965 to 1975 as well. While the court commends counsel for Little Rock for his efforts to resolve this dispute, in view of Little Rock's intent to move for summary judgment, this court agrees with plaintiffs that all requested documents should simply be produced.

■ The remaining two matters concern the financial information requested by plaintiffs from defendants General Box and Georgia Pacific, and the financial information requested of plaintiffs by defendant Little Rock. Plaintiffs requested the production of each defendant's gross annual sales of wirebound boxes and net pre-tax profits for wirebound boxes. Plaintiffs are clearly entitled to obtain such information in a price-fixing case. *See Shopping Carts*, 95 F.R.D. at 309; *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 420, 427 (N.D.Ill.1977).

Defendant General Box has provided only its invoices in response to plaintiffs' request, claiming these are the only records of defendant's wirebound box sales. Defendant Georgia Pacific has provided sufficient information with respect to annual sales, but has failed to provide net pre-tax profits, claiming, like General Box,

that it does not keep such information for wirebound boxes. Both defendants argue it would be unduly burdensome for them to calculate or estimate their pre-tax profits on wirebound boxes, although neither has quantified this burden. The court agrees with plaintiffs that defendants must either perform the calculations required to respond to the interrogatories or must provide a verified answer specifically explaining why it is not possible to do so.

■ Finally, defendant Little Rock has agreed to produce the financial information requested by plaintiffs if plaintiffs will produce the financial information defendant Little Rock first requested from them. Defendant Little Rock has in fact moved the court to order plaintiffs to produce the information requested in Little Rock's Second Request For Production of Documents, served in April, 1989. Plaintiffs maintain the information concerning *their* financial condition is irrelevant to their theory of damages, and that the information would be produced in the future if, for example, one of their experts relied upon it in calculating damages.

The court finds plaintiffs should produce the requested information, since "[d]iscovery is to be considered relevant where there is *any possibility* that the information sought may be relevant." *Folding Carton*, 76 F.R.D. at 431. Because Little Rock has agreed to produce the information plaintiffs have requested so long as plaintiffs respond to Little Rock's request, plaintiffs' motion as to the financial information of Little Rock is moot.

Accordingly, based upon the above and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel defendants General Box Co., Great American Box Co., Martin Bros. Container & Timber Products Corp., and Wisconsin Box Co. to produce a privilege log in response to interrogatory 25 and sufficient underlying information to support their claims of privilege in response to interrogatory 17 is granted.

2. Plaintiffs' motion to compel defendants General Box Co., Great American

Box Co., Martin Bros. Container & Timber Products Corp., and Wisconsin Box Co. to produce witness names and other identifying information in response to interrogatory 15(c), (d) & (f) is granted.

3. Plaintiffs' motion to compel defendants General Box Co. and Georgia Pacific Corp. to perform the calculations necessary to permit a response to interrogatories 22 and 23 is granted to the extent that defendants shall either provide the requested sales and profits information or shall file a verified response indicating why these calculations are not possible.

4. Defendant Little Rock's motion to compel plaintiffs to respond to document request no. 26 is granted.