**In re POTASH ANTITRUST LITIGATION.**

MDL Docket No. 981.
Civ. No. 3–93–197.

United States District Court,
D. Minnesota,
Third Division.

June 20, 1995.

Mark Reinhardt, Reinhardt & Anderson, St. Paul, MN, Orrin S. Estebo, Estebo Schnobrich Frank & Solie, Redwood Falls, MN, Warren Rubin, Gross Sklar & Metzger, Philadelphia, PA, Michael J. Freed, Steven A. Kanner, Much Shelist Freed Denenberg Ament & Eiger, Chicago, IL, Joseph Goldberg, Freedman Boyd & Daniels, Albuquerque, NM, James D. Sonda, James W. Rankin, Alex Dimitrief, L. Roger Boord, Kirkland & Ellis, Chicago, IL, Jack Weston Hanson, Hanson & Assoc., Mpls., MN, Lynn L. Sarko, Keller Rohrback, Steve W. Berman, Hagens & Berman, Seattle, WA, Thomas J. Potter, Ludens Potter & Burch, Morrison, IL, Francis O. Scarpulla, Scarpulla Law Office, San Francisco, CA, Vernon N. Reaser, Reaser & Wall, Victoria, TX, Joel C. Meredith, Meredith & Cohen, Philadelphia, PA, Robert N. Kaplan, Kaplan & Kilsheimer, New York City, Charles R. Watkins, Susman Saunders & Buehler, Chicago, IL, Eugene A. Spector, Mark S. Goldman, Paul J. Scarlato, Spector & Roseman, Philadelphia, PA, Eric D. Freed, Freed Law Office, Los Angeles, CA, Gregory J. Fata, Dominick Finer Foods Inc., Northlake, IL, for Blomkest Fertilizer, Inc.

Steven A. Kanner, Much Shelist Freed Denenberg Ament & Eiger, Chicago, IL, for Cobden Grain & Feed.

Steven A. Kanner, Much Shelist Freed Denenberg Ament & Eiger, Chicago, IL, Lynn L. Sarko, Keller Rohrback, Seattle, WA, Charles R. Watkins, Susman Sanders & Buehler, Chicago, IL, for Hahnaman Albrecht, Inc.

Charles Harley Johnson, Johnson & Assoc., St. Paul, MN, Mark Reinhardt, Reinhart & Anderson, St. Paul, MN, Steven A. Kanner, Much Shelist Freed Denenberg Ament & Eiger, Chicago, IL, for John Peterson dba Almelund Feed & Grain.

Elliot S. Kaplan, Linda S. Foreman, Lateesa Thamani Agunbiade, Robins Kaplan Miller & Ciresi, Mpls., MN, Steven A. Kanner, Much Shelist Freed Denenberg Ament & Eiger, Chicago, IL, Joseph W. Cotchett, Susan Y. Illston, Mark D. Eibert, John L. Fitzgerald, Cotchett & Pitre, Burlingame, CA, Arthur N. Bailey, Bailey Law Office, Jamestown, NY, Leonard B. Simon, Dennis Stewart, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA, for Laing–Gro Fertilizers, Inc.

Steven A. Kanner, Much Shelist Freed Denenberg Ament & Eiger, Chicago, IL, Joseph Goldberg, Freedman Boyd & Daniels, Abuquerque, NM, John P. Bailey, Bailey Law Office, Bemidji, MN, James S. Bailey, Jr., Bailey Harring & Peterson, Denver, CO, for Clearbrook Ag Service, Inc.

Steven A. Kanner, Much Shelist Freed Denenberg Ament & Eiger, Chicago, IL, James B. Sloan, Pedersen & Houpt, Chicago, IL, William T. Gotfryd, Gotfryd Law Office, Chicago, IL, for Reamford Liquid Fertilizer Inc.

Steven A. Kanner, Much Shelist Freed Denenberg Ament & Eiger, Chicago, IL, James B. Sloan, Pedersen & Houpt, Chicago, IL, William T. Gotfryd, Gotfryd Law Office, Chicago, IL, Eliot Norman, Thompson & McMullan, Richmond, VA, for Tolley's Inc. and James River Farm Service Inc.

Mark C. Rifkin, Greenfield & Rifkin, Haverford, PA, Steven A. Kanner, Much Shelist Freed Denenberg Ament & Eiger, Chicago, IL, Patrick J. Grannan, Chimicles Burt Jacobsen & McNew, Los Angeles, CA, C. Oliver Burt, III, Chimicles Jacobsen & Tikellis, Haverford, PA, Eugene Mikolajczyk, Prongay & Mikolajczyk, Pacific Palisades, CA, for Angela Coleman.

Linda S. Foreman, Lateesa Thamani Agunbiade, Robins Kaplan Miller & Ciresi, Mpls., MN, Steven A. Kanner, Much Shelist Freed Denenberg Ament & Eiger, Chicago, IL, Joseph W. Cotchett, Mark D. Eibert, Ruth Silver Taube, Jack P. Hug, Cotchett & Pitre, Burlingame, CA, Arthur N. Bailey, Bailey Law Office, Jamestown, NY, for Ag Network, Inc.

Mark Reinhardt, Harvey H. Eckart, Reinhardt & Anderson, St. Paul, MN, Steven A. Kanner, Much Shelist Freed Denenberg Ament & Eiger, Chicago, IL, Fredric N. Goldberg, Mika Meyers Beckett & Jones, Grand Rapids, MI, Eugene A. Spector, Mark S. Goldman, Spector & Roseman, Philadelphia, PA, Eric D. Freed, Freed Law Office,

Los Angeles, CA, for Marcelline Farm Supply, Inc.

Jerome B. Pederson, Fredrikson & Byron, Mpls., MN, Michael Evan Jaffe, Arent Fox Kintner Plotkin & Kahn, Washington, DC, George S. Cary, Irell & Manella, Newport Beach, CA, for Potash Corp. of Saskatchewan, Inc.

Jerome B. Pederson, Fredrikson & Byron, Mpls., MN, Michael Evan Jaffe, Eugene J. Meigher, James P. Mercurio, Gerald Zingone, Arent Fox Kintner Plotkin & Kahn, Washington, DC, for Potash Corp. of Saskatchewan Sales, Ltd.

Leon R. Goodrich, Oppenheimer Wolff & Donnelly, St. Paul, MN, Victor S. Friedman, Fried Frank Harris Shriver & Jacobson, New York City, Stephen D. Alexander, Fried Frank Harris Shriver & Jacobson, Los Angeles, CA, for Potash Co. of America, Inc.

Gordon Gene Busdicker, John Dwyer French, Faegre & Benson, Mpls., MN, Richard J. Favretto, Marc Gary, Kerry Lynn Edwards, Lawrence S. Robbins, Mayer Brown & Platt, Washington, DC, for IMC Fertilizer Group, Inc.

Roger B. Harris, Julie Ann Swanson, Altheimer & Gray, Chicago, IL, Douglas E. Rosenthal, Amy L. Bess, Sonnenschein Nath & Rosenthal, Washington, DC, for Kalium Chemicals Ltd.

Douglas E. Rosenthal, Amy L. Bess, Sonnenschein Nath & Rosenthal, Washington, DC, for Kalium Canada, Ltd.

Bradley Grayson Clary, Oppenheimer Wolff & Donnelly, St. Paul, MN, David C. Gustman, William C. Holmes, Freeborn & Peters, Chicago, IL, for Noranda Minerals Inc.

Leon R. Goodrich, Oppenheimer Wolff & Donnelly, St. Paul, MN, David C. Gustman, Freeborn & Peters, Chicago, IL, for Central Canada Potash Co. and Noranda Sales Corp., Ltd.

Gerald A. Connell, Baker & Hostetler, Washington, DC, Ralph Zarefsky, Baker & Hostetler, Los Angeles, CA, for Cominco, Ltd., and Cominco American Incorp.

Carol Alice Peterson, Dorsey & Whitney, Mpls., MN, Wayne A. Cross, Erin L. Ringham, Dewey Ballantine, New York City, Mark Crane, Hopkins & Sutter, Chicago, IL, Stephen A. Marshall, Rubin Baum Levin Constant & Friedman, New York City, for Mississippi Chemical Corp.

Carol Alice Peterson, Dorsey & Whitney, Mpls., MN, Stephen A. Marshall, Martin P. Michael, Rubin Baum Levin Constant & Friedman, New York City, for Eddy Potash, Inc.

Carol Alice Peterson, Dorsey & Whitney, Mpls., MN, Wayne A. Cross, Dewey Ballantine, New York City, Stephen A. Marshall, Martin P. Michael, Rubin Baum Levin Constant & Friedman, New York City, Robert Shelley Draper, O'Melveny & Myers, Los Angeles, CA, for N.M. Potash Corp.

Victor S. Friedman, Fried Frank Harris Shriver & Jacobson, New York City, for Rio Algom, Ltd.

Scott Kimrey Goldsmith, Frank Alan Taylor, Popham Haik Schnobrich & Kaufman, Mpls., MN, for PPG Canada Ltd. and PPG Industries Inc.

## ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the parties' informal referral of a discovery dispute, which arose during the deposition of Richard Hedberg, who is a former employee of the Defendant IMC Fertilizer Company, which was taken on June 16, 1995.

Specifically, the Defendants object to the Plaintiffs' questioning about a deponent's participation, as a witness, in a Grand Jury investigation which is currently ensuing and which has been in progress for the past 18 months. According to the parties, the Grand Jury's investigation was convened by the Department of Justice in Cleveland, Ohio, it involves certain of the Defendants in this civil proceeding, and it relates to some of the

same allegations that have been asserted in this antitrust matter. As a subsidiary issue, the Defendants also object to the Plaintiffs' asserted interest in questioning the deponents about the content of their testimony before the Grand Jury, or about the identities of any other Grand Jury witnesses.

A telephonic Hearing was conducted on June 16, 1995, and, given the exigent circumstances and the significant and potentially recurring issues involved, the Court directed that letter briefs be simultaneously submitted by the parties on the issues presented, with further oral argument being waived. For the limited purposes of this issue, the Plaintiffs appeared by Mark Reinhardt, Esq., and the Defendants appeared by Richard J. Favretto, Esq.

For reasons which follow, we overrule the Defendants' objection to the Plaintiffs' inquiries as to whether a deponent has or will testify in the Grand Jury proceedings, and as to the identities of any other Grand Jury witnesses that may be known to the deponent, but we sustain the objection as to the substance of the testimony given.

## II. *Discussion*

■ The Defendants' objection is largely premised upon the "General Rule of Secrecy," that is embodied in Rule 6(e)(2), Federal Rules of Criminal Procedure, and that provides as follows:

> A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

The Plaintiffs urge that, by failing to include Grand Jury witnesses in the listing of persons to whom secrecy attaches, the drafters of the Rule necessarily restricted the Court's authority to impose, on any other persons, an obligation of secrecy. We disagree.

A similar argument was considered and rejected by a divided panel of our Court of Appeals in *In re Grand Jury Subpoena Duces Tecum,* 797 F.2d 676, 680 (8th Cir. 1986), pet. for cert. dismissed, 479 U.S. 1013, 107 S.Ct. 661, 93 L.Ed.2d 714 (1986). There, in the context of a witness' intent to disclose the contents of anticipated Grand Jury testimony to a target of the investigation, the Court expressed its disbelief "that, in approving the Federal Rules of Criminal Procedure, Congress intended to completely bar the district courts from imposing a reasonable obligation of secrecy on grand jury witnesses in an appropriate case." The Court went on to hold as follows:

> We therefore conclude that, upon a proper showing in an appropriate case, the district court may direct a grand jury witness to keep secret from targets of the investigation the existence of a subpoena, the nature of documents subpoenaed, or testimony before the grand jury, for an appropriate period of time.

*Id.* at 680. Accordingly, we have no hesitancy in concluding that, upon a proper showing, we are not restricted in our authority to impose "a reasonable obligation of secrecy on grand jury witnesses in an appropriate case." *Id.*

■ On the other hand, we are not unfettered in our ability to expand the shroud of secrecy beyond the limits expressed in Rule 6(e)(2). As the Court went on to elaborate:

> [W]e observe that the policy of non-secrecy as to grand jury witnesses embodied in Rule 6(e)(2) should not be set aside except in situations where the need for secrecy outweighs the countervailing policy, and that the need must be shown with particularity. In so observing, we draw upon the language of United States v. Procter & Gamble Co., supra, in which the Supreme Court outlined the circumstances in which the policy of secrecy embodied in Rule 6(e) may be set aside by a federal court. We believe the policy of openness as to grand jury witnesses dictated by Rule 6(e)(2) requires similar considerations. To impose an order of secrecy upon a grand jury witness, there must be a "compelling necessity * * * shown with particularity."

*Id.* at 680–81.

Contrary to the position espoused by the Defendants, we do not believe that the Plaintiffs bear the burden of demonstrating a "strong showing of particularized need" for the identifying information that they seek to elicit from the deponents, since the information being sought is not, inherently, secretive such as would be the case with discovery that is directed at those persons explicitly listed in Rule 6(e)(2). *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983); *Illinois v. Abbott & Associates, Inc.*, 460 U.S. 557, 566–67, 103 S.Ct. 1356, 1360–61, 75 L.Ed.2d 281 (1983); *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222–23, 99 S.Ct. 1667, 1674–75, 60 L.Ed.2d 156 (1979).

■ Indeed, the authority in this District amply belies the forboding concern that the Defendants suggest the disclosure of such identifying information will entail. For example, in *State of Minnesota v. United States Steel Corporation*, 44 F.R.D. 559, 580 n. 28 (D.Minn.1968), the Court rejected an attempt by the plaintiffs to inspect and copy certain of a Grand Jury's records, while going on to observe:

> Certain it is that defendants must have knowledge of at least some of the grand jury witnesses, for undoubtedly one or more of their own employees were called together with others in the industry who would be known to defendants. Appropriate interrogatories or other discovery proceedings undoubtedly can ascertain these names.

Similarly, in *In re Wirebound Boxes Antitrust Litigation*, 129 F.R.D. 534, 538 (D.Minn.1990), the Court permitted the discovery, albeit in the nature of responses to interrogatories, as to information requests which were not unlike those the Plaintiffs urge here, except to the extent that the discovery entailed the substance of the responding person's knowledge. See also, *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 302–05 (S.D.N.Y.1982). We adhere to the demarcation of discoverable from non-discoverable information that the Court

formulated and applied in *In re Wirebound Boxes*.

■ Where we part company with the Plaintiffs, therefore, is at the point at which they seek to elicit the substance of the testimony that the deponent provided to the Grand Jury. This, we think, goes too far when, as here, the Grand Jury's investigation is continuing. In this respect, we take our guidance from our Court of Appeals recent decision in *State of Missouri v. W.E.R.*, 55 F.3d 350 (8th Cir.1995). There, the Court permitted the State of Missouri to gain access to certain materials which related to a Grand Jury's investigation. In balancing the interests of Grand Jury secrecy against the interests of public disclosure, the Court recognized that the completion of the Grand Jury's work, some two years previously, tended to minimize the need for continued secrecy. The Court went on to comment as follows:

> Because the state has carefully excluded from its request any information regarding witnesses who actually testified before the grand jury, there is little reason to be concerned that disclosure might cause witnesses in this or future grand jury investigations to fear retribution. * * * The state's petition appears limited to materials which are needed in the civil case. It explicitly avoided asking for information which would reveal actual testimony before the grand jury, such as witness notes and summaries.

*Id.* at 355.

We do not suggest that the Court's holding or reasoning is squarely apposite, for factual distinctions distinguish the issues in *State of Missouri* from those that we face. Nevertheless, we see little substantive distinction between allowing the Plaintiffs to scrutinize the testimony that has been presented to an active and continuing Grand Jury investigation and permitting the Plaintiffs to review the proceedings of the Grand Jury as they may have been captured by "an interpreter, a stenographer, an operator of a recording device [or] a typist who transcribes recorded testimony."[1] *Rule 6(e)(2), Federal Rules of Criminal Procedure.*

---

1. Of course, we recognize that a transcript of a witness' sworn testimony can be used for im-

Necessarily, we are also extremely sensitive to the appreciable damage that could be inflicted, albeit without wrongful intent, by an intrusive inquiry into the substance of a deponent's testimony to the Grand Jury. As recognized by the Supreme Court in *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 n. 6, 78 S.Ct. 983, 986 n. 6, 2 L.Ed.2d 1077 (1958), the rationale for Grand Jury secrecy includes, among other bases, the following:

> * * * (2) to insure the utmost freedom to the grand jury in its deliberations * * *; (3) to prevent subordination of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; [and] (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; * * *.

If, as the Plaintiffs propose, they may freely inquire into the substance of the testimony of the Grand Jury witnesses, then the competing interests of this civil litigation may well discourage the same witnesses from freely and fully participating, either voluntarily or otherwise, with the Grand Jury and, necessarily, will impermissibly erode the effectiveness of the Grand Jury's processes. In our considered view, these concerns rise to the level of a "compelling necessity * * * shown with particularity" since they directly and, perhaps, adversely and irretrievably, implicate the capacity of the Grand Jury to independently and unrestrictively fulfill its historic function.

Lastly, in view of the fact that the Plaintiffs have yet to commence this aspect of their discovery, to the extent that it may be argued that the balancing of interests that the Court has employed is not merely theoretical but is unduly pessimistic, we would only note that the Plaintiffs have made no showing that the evidence that they seek to elicite would further any legitimate aspect of their discovery interests which would not be

as readily served by their discovery on the merits of their claims. To the contrary, we have some concern that the discovery of the substance of a deponent's Grand Jury testimony will result in a preoccupation with issues that are properly committed to the Grand Jury without any substantive advancement of the Plaintiffs' discovery interests in this litigation. Where, as here, the Court has attempted to reasonably limit the expansiveness of discovery, this potentiality presents a real and troubling concern.

Accordingly, while we overrule the Defendants' objection to the questions of the Plaintiffs which relate to the fact of a deponent's testimony before the Grand Jury or to his or her knowledge of other witnesses who have so testified, we sustain the objection to any questions which seek to elicit the substance of the testimony given.

NOW, THEREFORE, It is—

ORDERED:

1. That the Defendants' objection to the questions of the Plaintiffs, which relate to the fact of a deponent's testimony before the Grand Jury, or to his or her knowledge of other witnesses who have so testified, is OVERRULED.

2. That the Defendants' objection to the questions of the Plaintiffs, which relate to the substance of the deponent's testimony before the Grand Jury, is SUSTAINED.

---

peachment purposes where the witness' recollection of his or her testimony may not be as conducive to that purpose but, under either scheme of discovery, the ruminations of the Grand Jury and its strategic considerations—matters which have long been recognized as worthy of secrecy—may

be retraced, critiqued and publicly disclosed. We have found no authority which would permit the degree of surveillance, that the Plaintiffs could deploy over the deliberations of a functioning Grand Jury, were we to grant the breadth of discovery that they have requested.